[No. 3,318.]

Ex Parte PATRICK MURRAY, upon Habeas Corpus.

RECITAL IN JUDGMENT. — The judgment in a criminal case need contain no recital of the particular offense, but only of the general offense, within which the particular one is included.

ENTRY IN MINUTES IN CRIMINAL CASES.—The entry made in the minutes in criminal cases is part of the record, and errors or omissions in the record in that respect can be examined only on appeal, and will not be reviewed on habeas corpus.

HABEAS CORPUS — ACTION OF SUPREME COURT AS TO JUDGMENT.— Upon habeas corpus, if the Court whose judgment is assailed be one of competent jurisdiction to render a final judgment of the character appearing, the Court will only inquire if the judgment, as rendered, be upon its face certain and definite in terms, so that it may be known what punishment the prisoner is to suffer.

THE POLICE COURT OF SAN FRANCISCO.—The Police Court of the City and County of San Francisco is not of inferior jurisdiction, in the sense that upon mere collateral inquiry, nothing is to be intended in support of its judgment, when rendered in a particular case, included by general definition in that class of criminal cases over which jurisdiction has been conferred upon it by law.

THE petitioner was taken before the Court upon a writ of habeas corpus.

The facts are stated in the opinion.

*Creed Haymond*, for Petitioner.

By the Court, WALLACE, C. J.:

The return made to the writ issued in this case shows that the prisoner is detained by the Sheriff under a commitment of the Police Judge's Court of the City and County of San Francisco, which is as follows:

" In the Police Judge's Court of the City and County of San Francisco, State of California: *The People of the State of California* v. *Patrick Murray.* State of California, City and County of San Francisco, ss.—The People of the State of California to the Sheriff of the City and County of San

Francisco, greeting: Whereas, Patrick Murray, having been duly convicted in the Police Judge's Court of the City and County of San Francisco, State of California, of the crime of misdemeanor, as charged in the complaint, upon oath, in the above entitled criminal action, and by said Court sentenced and adjudged, as a punishment for said crime, to pay a fine of forty ($40) dollars, and in default of payment of said fine to be imprisoned in the County Jail of the City and County of San Francisco, State of California, for the period of twenty (20) days, as appears by the following full, true, and correct copy of the judgment rendered by said Court, and entered in the minutes and docket of said Court in the above entitled criminal action:

"'Minute docket in the Police Judge's Court of the City and County of San Francisco, State of California: State of California, City and County of San Francisco, Court-room of said Court, Saturday, March 30th, 1872. In open Court. Present, presiding, Hon. Davis Louderback, Police Judge. *The People of the State of California* v. *Patrick Murray*, convicted of misdemeanor. In this action the defendant personally appears for sentence. The Court renders its judgment: That whereas the said Patrick Murray, having been duly convicted in this Court of the crime of misdemeanor, it is ordered and adjudged, as punishment therefor, that the said Patrick Murray pay a fine of forty ($40) dollars, and in default of payment thereof, that said Patrick Murray be imprisoned in the County Jail of this city and county, for the period of twenty (20) days.'

"And whereas said fine has not been paid, these presents are therefore, in the name of the people of the State of California, to command you, the Sheriff of the City and County of San Francisco, forthwith to take, arrest, and safely keep and imprison the said Patrick Murray in the County Jail of the said City and County of San Francisco, State of California, for the period of twenty (20) days, or until said fine be

paid or satisfied.   And these presents shall be your authority
for the same.   Witness my hand and seal of the said Police
Judge's Court, this 20th day of March, A. D. 1872.

[L. S.]                    "DAVIS LOUDERBACK,
"Police Judge of the City and County of San Francisco."

The statute (Secs. 462, 463, Crim. Pr. Act,) provides that
when *judgment* in a criminal case has been rendered *the Clerk
shall enter the same in the minutes,* "stating briefly the offense
for which the conviction has been had," etc., and that
(except in capital cases) a certified copy of the entry, de-
livered to the proper officer, shall be his sufficient warrant
to execute the judgment.   The objection urged for the
prisoner is that the judgment as entered does not specify the
particular offense of which he was convicted, but states
merely that he was "duly convicted in the Police Judge's
Court of the City and County of San Francisco of the crime
of misdemeanor."

The *judgment* is one thing—the brief statement of the
offense of which the prisoner has been convicted is a dif-
ferent thing.   The former—the *ideo consideratum est*—need
contain no recital; it is here simply "that the said Patrick
Murray pay a fine of forty dollars," etc.   The entry made in
the minutes in criminal cases is made by statute part of the
*record* (Sec. 462, Sub. 5); and if there be errors or omissions
in the record in that respect, they are examinable only on
appeal or upon writ of error.   But upon writ of habeas cor-
pus, if the Court whose judgment is assailed be one of com-
petent jurisdiction to render a final judgment of the character
appearing, we are then only to inquire if the judgment, as
rendered, be upon its face certain and definite in terms, so
that it may be known what punishment the prisoner is to
suffer (Act concerning habeas corpus, Sec. 19, Sub. 2), and
no objection in that respect has been, or can be taken to the
judgment in question here.

The Police Court of the City and County of San Francisco, though of limited, is not of inferior jurisdiction in the sense that upon mere collateral inquiry nothing is to be intended in support of its judgments when rendered in a particular case included by general definition in that class of criminal cases over which jurisdiction has been conferred upon it by law.

The prisoner is therefore remanded.

Neither Mr. Justice RHODES nor Mr. Justice CROCKETT participated in this decision.