[Crim. No. 342.   Department One.—March 14, 1898.

THE PEOPLE, Respondent, v. PATRICK KELLY, Appellant.

CRIMINAL LAW—BURGLARY—ADMISSION OF PRIOR CONVICTION—JOINT INFORMA-
TION—SEPARATE TRIALS—CONSTRUCTION OF RECORD—CERTIFICATE OF CLERK.
Where an information charged several defendants jointly with the crime of burglary, but charged them severally with prior convictions, and they demanded separate trials, and were each proceeded against separately, and it appears that the defendant appealing was charged with six prior convictions, four for petit larceny and two for burglary in the second degree, a minute entry showing that upon his arraignment, "defendant appeared in open court, and pleaded not guilty and admits prior conviction," must be taken as importing an admission of each and all of the prior convictions charged, and must also be taken as referring to the plea made by the defendant appealing and not to that made by any codefendant, it being only the minutes of the proceedings affecting such defendant which the clerk could properly include in the judgment roll, or certify to as being a correct transcript of the record upon his appeal.

ID.—SILENCE OF JUDGMENT AS TO PRIOR CONVICTION—CLERICAL MISPRISION
—ERROR NOT AFFECTING SUBSTANTIAL RIGHTS.—A judgment upon a conviction of burglary in the second degree, imposing a longer sentence than is allowed except upon prior conviction of a felony, which, owing to the clerical misprision or mistake of the clerk in entering it,

does not recite such prior conviction, is erroneous, but not void, and where the record otherwise shows such prior conviction, which the court had a right to consider in imposing the sentence, the omission of the clerk to recite it is merely a technical error not affecting the substantial rights of the appellant, and is not ground for reversal of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders denying a new trial and denying a motion in arrest of judgment. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

C. G. Nagle, for Appellant.

.W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

VAN FLEET, J.—The single point made by appellant for a reversal is that the judgment is void because the punishment imposed is in excess of that prescribed by the statute for the offense of which he was convicted. The conviction was of burglary in the second degree, for which the maximum penalty is five years' imprisonment in the state prison, while the judgment imposes an imprisonment of ten years. But section 666 of the Penal Code provides that, where a person has been previously convicted of an offense punishable by imprisonment in the state prison, and thereafter commits any offense which upon a first conviction would be punishable by imprisonment in the state prison for five years, or any less term, such person is punishable upon such subsequent conviction by imprisonment in the state prison for a term not exceeding ten years. In this case the information charged the defendant with having suffered six prior convictions—four for petit larceny, and two for burglary in the second degree; and the minutes show that upon his arraignment "defendant appeared in open court and pleaded not guilty, and admits prior conviction," which entry must be taken as importing an admission of each and all of the prior convictions charged.

It is objected that it does not appear that this entry had reference to the appellant. This objection is based upon the fact

that by the information the appellant was charged jointly with two others with the commission of the offense; and it is urged that, since the entry in question does not give the name of the particular defendant to whom it refers, there is nothing to show that the admission there recited was not in fact made by one of appellant's codefendants, each of whom was likewise charged with prior conviction. But the record sufficiently discloses that the several defendants named in the information demanded separate trials, and were thereafter proceeded against separately; and since it was only the minutes of the proceedings affecting this defendant which the clerk could properly include as a part of the judgment-roll herein, and as that official has duly certified the record as being a correct transcript of the record in this case, the entry in question must be taken and deemed to have reference to appellant. (*People v. Gaines*, 52 Cal. 479.)

The judgment, however, as entered by the clerk, makes no reference to the fact of a prior conviction, merely reciting defendant's conviction of the offense charged—that of burglary in the second degree; and it is urged that the judgment is for that reason void; that, being silent as to the prior conviction, it shows no warrant for the punishment imposed, and is upon its face excessive and beyond the jurisdiction of the court.

The failure of the clerk to observe the provisions of section 1207 of the Penal Code directing him to state the fact of a prior conviction, if one, in his entry of the judgment, has the effect to render the judgment in that respect informal and consequently erroneous, since the statute makes such recital a part of the judgment (*People v. Johnson*, 71 Cal. 384); but this omission does not render the judgment void. The court, having jurisdiction under proper circumstances to render a judgment of the character involved, the absence of such recitals from the judgment does not make it void, however erroneous. All that is necessary as against this objection, is that the judgment shall sufficiently express that which is adjudged; it need contain no recital of the facts upon which it is based. (*Ex parte Murray*, 43 Cal. 455; *Ex parte Kearney*, 55 Cal. 212.) And the fact of prior conviction, being elsewhere competently stated in the record, may be regarded in determining the validity of the judgment, since it

will be presumed in its support that such fact was taken into consideration in fixing the punishment.

The judgment being erroneous, however, the question is whether the error is one affecting defendant's substantial rights. In *People v. Johnson, supra,* the mistake of the clerk consisted in reciting in the judgment that defendant had been convicted of grand larceny, whereas the offense of which he was convicted was that of embezzlement instead; and it was held that this was error, and the court was of the opinion that the error was not harmless; that "the entry of a judgment declaring that a defendant had been convicted of an offense of which he has not been convicted is more than a mere 'technical' error"— possibly upon the principle that, as there are degrees of moral turpitude involved in crime, it was a substantial right of the defendant to be classified in accordance with the fact; and the judgment was reversed, with directions that it be corrected by properly reciting the offense for which defendant had been convicted. But here the judgment, while not in exact accord with the statutory requirement, recites all that was material to defendant; the offense charged is correctly designated, but there is a mere clerical misprision in omitting the statement of a fact going to augment the punishment, but which, notwithstanding such omission, the court, as we have seen, had a right to and did consider. In such a case it would be the idlest ceremony, so far as affecting any right of defendant, to reverse the judgment. All that we could do would be to remand the cause, with directions to have a formal judgment entered by the clerk. This could be of no possible benefit to appellant, while doing violence to that provision of our statute which requires that "after hearing the appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." (Pen. Code, sec. 1258.)

The judgment and orders appealed from must, therefore, be affirmed.

It is so ordered.

Garoutte, J., and Harrison, J., concurred.