[Crim. No. 545.   Second Appellate District.—June 6, 1917.]

## In the Matter of the Application of WOO HAH for Writ of Habeas Corpus.

CRIMINAL LAW—COMMITMENT BY CITY POLICE COURT—SUFFICIENCY OF —HABEAS CORPUS.—A defendant is not entitled to his discharge upon *habeas corpus* under a commitment of a city police court reciting that the petitioner was on a stated day convicted of the crime of violating the poison law, on the ground that the commitment did not sufficiently describe the offense, in the absence of any statute prescribing the form of commitments in such courts, and it being shown that the court had jurisdiction of the crime.

ID.—REMEDY BY APPEAL.—There is no statute affecting police courts which prescribes any particular form which a commitment shall have. The judgment of the court as entered is expressed by recital in the commitment. For any error or irregularity in the judgment or the entry thereof, the remedy is by appeal.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District to obtain the discharge of the petitioner from the custody of the chief of police.

The facts are stated in the opinion of the court.

C. B. Conlin, for Petitioner.

Erwin W. Widney, City Prosecutor, and Lyle Pendegast, Chief Deputy City Prosecutor, for Respondent.

JAMES, J.—Petitioner by writ of *habeas corpus* seeks to be discharged from the custody of the chief of police of Los Angeles City. Several grounds are assigned in his petition, but at the oral argument the only point insisted upon was that the commitment issued was so lacking in its statements

of essentials as to make it void; particularly that no offense is described therein. The commitment recited that on the nineteenth day of May, 1917, petitioner was convicted before a police judge of the city of Los Angeles "of the crime of violating poison law, committed in said city of Los Angeles on or about the 18th day of May, 1917." It is admitted that there is a general statute of the state not contained in any of the sections of the code (Stats. 1907, p. 124, and as later amended [Stats. 1913, p. 692]), whereby the handling of poisonous substances is designed to be regulated and for the violation of different provisions of the act a person is liable to conviction for misdemeanor. The police court of the city of Los Angeles, it is also admitted, has jurisdiction of the offenses created by that statute. The wording in the commitment whereby the offense of which the petitioner was convicted is described, does indicate that the act creates offenses of which the police court had jurisdiction, and we think the language used was sufficiently definite for the purpose. At least, definite enough so that it may not be said that the commitment exhibited here is one which is void upon its face. Conceding that the commitment might have been more definite in the description contained therein of the offense, is not to say that such a commitment furnishes no warrant for the holding of petitioner. In the case of *People* v. *Kelly*, 120 Cal. 271, [52 Pac. 587], the clerk had omitted to observe the provisions of section 1207 of the Penal Code directing him to make a statement of a certain fact in his entry of judgment. The court said that the omission to make the required statement was an irregularity and that the judgment was erroneous. The court observed, however; "But this omission does not render the judgment void. The court, having jurisdiction under proper circumstances to render a judgment of the character involved, the absence of such recitals from the judgment does not make it void, however erroneous. All that is necessary as against this objection, is that the judgment shall sufficiently express that which is adjudged; it need contain no recital of the facts upon which it is based." The case of *Ex parte Murray*, 43 Cal. 455, is cited by the prosecuting attorney and is in point. There is no statute affecting police courts which prescribes any particular form which the commitment shall have. The judgment of the court as entered is expressed by recital in the commitment. For any error or irregularity

in the judgment or the entry thereof, petitioner here has his remedy by appeal.

The writ is discharged and petitioner remanded to the custody of the chief of police of Los Angeles City.

Conrey, P. J., and Works, J., *pro tem.*, concurred.