[Crim. No. 2187.   Second Appellate District, Division Two.—October 11, 1932.]

THE PEOPLE, Respondent, v. GEORGE BUCHANAN, Appellant.

George Buchanan, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendant was charged by an information containing five counts with that number of offenses of forgery and two prior convictions. He admitted the previous convictions but pleaded not guilty and not guilty by reason of insanity. He was found guilty on three counts. Judgment was pronounced, the sentences being made to run concurrently. At the time the defendant was arraigned for judgment on February 24, 1928, he was informed not only of the pleas to the counts of forgery and the verdicts thereon, but also of the allegations of the prior convictions and his admission of them. A motion for a new trial was then made and denied. On the same day as the arraignment, and, in fact, as soon as the motion for

new trial was disposed of, the court sentenced the defendant to be confined in the state prison at Folsom for the term prescribed by law. The minutes of the court read with respect to count IV are as follows:

"Whereas said George Buchanan having been already found guilty in this court of the crime of forgery, a felony, as charged in count 4 of the information and having admitted prior convictions of two felonies,

"It is therefore Ordered, Adjudged and Decreed that said George Buchanan be punished by imprisonment in the State Prison of the State of California at Folsom for the term prescribed by law."

The language is identical respecting the other two counts. The record does not disclose the language of the commitment, but on March 17, 1930, an amended commitment reciting the two prior convictions was issued and forwarded to the board of prison directors. On November 24, 1931, the defendant filed a motion to correct the judgment by striking therefrom as it appeared in the minute-book and from the amended commitment, all reference to the prior convictions. The motion was denied and this appeal is from that order.

The appellant asserted in the lower court and now says that the words "and having admitted prior convictions of two felonies" were not a part of the judgment orally pronounced by the court and were, in fact, added subsequently by the clerk in his minute entry.

The contention of appellant cannot be sustained. First of all, we direct attention to section 1207 of the Penal Code, which reads as follows: "When judgment upon a conviction is rendered, the clerk must enter the same in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction, if any, and must within five days, annex together and file the following papers, which constitute a record of the action: 1. The indictment or information, and a copy of the minutes of the plea or demurrer, and all rulings thereon. 2. A copy of the judgment."

It is to be observed that according to statutory mandate it is the duty of the clerk to note, in the minute, the fact of a prior conviction, if any. It is well in this connection to call attention to the fact that the guilty person

is not punished a second time for the prior offense but is punished more severely for the offense then before the court. Hence the following language in *Ex parte Williams,* 89 Cal. 421, 426 [26 Pac. 887, 889], is pertinent: "It was not necessary that the entry of the judgment in the minutes should repeat the entries that had already been made in previous proceedings in the case. These had already become a part of the record, and would obtain no greater validity by being a second time recited in the minutes. 'From the mere fact that these several papers are taken into and made a part of the record, it is clear that each one was intended merely to tell its own story, or rather relate its particular branch of the whole history. Thus the indictment states the jurisdictional facts, the nature of the offense, and the facts and circumstances so far as they are material. The other papers give the history of the trial, including the verdict; and the judgment, which constitutes the last chapter, merely finishes the account by stating of what offense defendant was finally convicted, and the penalty imposed by the court. The judgment need not, and it was not intended that it should repeat anything contained in the papers which precede it, for in view of the fact that they go into the record and make a part of it, such repetition would be idle and serve no useful purpose. The only material parts of a judgment are, the statement of the offense for which the defendant has been convicted, omitting therefrom all that is contained in the previous papers, and therefore not necessary to be repeated, and the sentence of the court' (*Matter of King,* 28 Cal. 253)."

Recognizing the duty of the clerk to note the prior conviction in his minute entry we yet fail to find it incumbent upon the judge to do more than was already done in the instant case.

Another approach which brings us to the same conclusion is illustrated by the case of *People* v. *Kelly,* 120 Cal. 271 [52 Pac. 587], wherein it was held that the failure of the clerk to note the prior conviction "is a mere clerical misprision" not affecting the substantial rights of the defendant.

Order affirmed.

Craig, Acting P. J., and Stephens, J., *pro tem.,* concurred.