[Crim. No. 4962.   Second Dist., Div. Two.   Apr. 3, 1953.]

THE PEOPLE, Respondent, v. RICHARD ERWIN FUDE, Appellant.

Richard Erwin Fude, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

MOORE, P. J.—Convicted on the findings of the court, appellant with many words and no logic seeks a reversal on the grounds that (1) the proof was insufficient to warrant the judgment and (2) he was deprived of his constitutional rights.

In violation of the Penal Code (§ 459) this prisoner entered a telephone booth in the lobby of a downtown hotel in Los Angeles, July 10, 1952 and stuffed the instrument's coin-return chute with paper. His movements were observed by two special officers, inspectors for the telephone company. All telephones in the lobby were found in working order except the one in booth 7. They found its coin-return chute stuffed, the coins resting on the wadding. Inspector Blum, having notched five dimes with an x and having marked each with an ink spot on the eye, replaced them with the money in the chute on the paper, inserted an "out of order" sign and watched for the transgressor. At 6 p.m. appellant strolled past, glanced at the booths and at the two strangers and disappeared. At 8:00 p. m. he entered booth No. 1 and soon made his exit. The inspectors entered the same booth and found wadding in the coin-return chute, but no money upon it. At 8:10 p.m. they removed the marked coins from the instrument in booth 7, put them in the telephone in booth 1

and placed an "out-of-order" sign on it. At 9:15 o'clock appellant entered booth 1 and soon departed. The inspectors found the wadding still there but the coins gone. They pursued appellant, but lost him. On July 11 they checked all the instruments in the lobby and found not only the instrument in booth 1 stuffed, but that in booth 7 also. At 7:30 p.m. they marked five dimes and put them in the chutes of the two instruments, inserted in each an "out-of-order" sign and waited. At 9:15 appellant entered booth 1, followed by the inspectors who accused him of stealing the money from the chute. In compliance with their demands he laid 10 dimes on the table, two of which bore the marks placed thereon by Inspector Blum on the preceding night. When he was advised of their three observations of his attempts to purloin the moneys from the telephonic instruments, he offered to tell more if he "could plead out to petty theft."

At his trial the inspectors produced the money. Having exhibited the marked coins, they testified to the character of the markings. Also, Officer Billingsley testified that appellant told him that he had plugged the instrument in booth 1 and later returned and extracted the money; that he had a long record and was interested in getting the charge of burglary reduced to petty theft.

Appellant called to the stand Officer Bell who had accompanied Inspector Blum in pursuit of the thief. He testified that when appellant entered the lobby on the night of July 10, the latter walked immediately to booth 1, remained a few seconds, and stepped out; Mr. Blum on promptly checking the instrument, found both plug and money gone; appellant had already departed; when the two inspectors returned to the hotel on the 11th, Bell saw appellant enter booth 1 at 9:15, remain two or three seconds, step out as Mr. Blum approached the door, and answer that he was there to make a telephone call; he stated to the officer that he had 20 cents for that purpose, but when he removed the contents of his pocket, he had 10 dimes, two of which bore the markings described by Officer Blum.

■ From such testimony the finding of guilt was not unreasonable or arbitrary. The witnesses were intelligible and credible. There is neither shortage in substance nor discount in verity in the testimony adopted by the court to prove appellant's guilt. ■ Whether he took money from the instruments was for the trial court to find (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]), and whether he did so

with the intent then and there to appropriate it to his own use and to deprive the telephone company of it was also for the trial court to determine. (*People* v. *Ragone,* 84 Cal.App. 2d 476, 481 [191 P.2d 126].)

There is nothing in the record to justify appellant's claim that he was deprived of his constitutional rights in the matter of examination of the witnesses. Both appellant and his counsel were present at every stage of the proceedings. No objection was made to the procedure in any respect; no request was made to be allowed to examine any witness further. No motion for a new trial was filed.

Appellant has misconceived the meaning of an appeal. While the information was filed on August 1, 1952, and while he was entitled to a trial within 60 days thereafter, when the cause was called for trial on that day, appellant requested a continuance to October 3, 1952. The minutes prove it and they cannot be impeached by the *ipse dixit* of appellant. The minutes are a part of the record of the action (*Ex parte Murray,* 43 Cal. 455, 457), and they import absolute verity. (*Shellhaas* v. *Petrolane, Ltd.,* 98 Cal.App.2d 171, 174 [219 P.2d 797].) Where a litigant disagrees with their contents, it is incumbent upon him to move the trial judge for an amendment to have the minutes conform with the truth. (*Ibid.,* p. 175.) Not having objected to a continuance, an accused person is presumed to have consented (*Ray* v. *Superior Court,* 208 Cal. 357, 358 [281 P. 391]), but where he himself has requested it, he will not be heard to complain. (*People* v. *George,* 91 Cal.App.2d 537, 540 [205 P.2d 464].)

In addition to his appropriate assignments, appellant complains (1) that a statement by his counsel, the public defender, that "defendant is telling quite a bit of truth" prejudiced him, and (2) that the probation officer stated erroneously to the court that appellant had admitted his guilt. It is inconceivable that a prisoner at the bar could be prejudiced by his counsel's forensic statement that the accused had told the truth. Certainly, it cannot prejudice a prisoner who has admitted his guilt to arresting officers and has been convicted of the crime, for a probation officer to repeat to the court what has already been proved against the accused.

Judgment affirmed.

McComb, J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 30, 1953.