[Crim. No. 3065.   First Dist., Div. One.   Feb. 7, 1955.]

THE PEOPLE, Respondent, v. EARL BRADFORD,
Appellant.

Earl Bradford, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted on two counts of violating section 11500 of the Health and Safety Code (sale of heroin) on the 5th and 12th, respectively, of June, 1953, defendant has appealed.

Defendant claims that the action should have been dismissed by the trial court for failure to bring to trial within 60 days of the filing of the information, as provided in subdivision 2 of section 1382 of the Penal Code.* A motion to that effect was made and denied on June 7, 1954. Sixty days had elapsed, the information having been filed March 4 of that year. But, as the record shows, continuances from March 8 to March 10 and to April 7 were made "with consent of counsel"; thereafter, from April 7 to May 7, to May 26, to June 7, "with consent of respective counsel." The continuances from March 8 through March 10 to April 7 were presumably with consent of counsel for each party, because the minutes show that both counsel were present upon each of those occasions. Even if it be not so presumed, the period from March 4 to April 7 was well within the 60 days, and the remainder of the period was definitely covered by defendant's consent. ■ "The defendant's consent to the postponement of his trial is equivalent to a postponement on his application and is sufficient cause for the delay. (*Ray* v. *Superior Court,* 208 Cal. 357 [281 P. 391]; *People* v. *Santos,* 134 Cal.App. 736, 744 [26 P.2d 522].)" (*In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1].) ■ Consent of counsel is, of course, consent of the party. (See *People* v. *Santos, supra,* at p. 744.) It necessarily follows that the dismissal statute here invoked did not come into play. There was no further postponement. The trial commenced and was completed on June 7.

■ Defendant also cites section 1050 of the Penal Code which reads in part as follows: "The court shall set all criminal cases for trial for a date not later than thirty (30) days after the date of entry of the plea of the defendant. No

---

*That section declares that, "unless good cause is shown," the court must order dismissal if a defendant, "*whose trial has not been postponed upon his application,* is not brought to trial within sixty days after . . . the filing of the information." (Emphasis added.)

continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance. . . . Whenever any continuance is granted, the court shall enter in its minutes the facts proved which require the continuance. . . ." Here, the defendant's plea was entered March 10 and the cause, "with consent of counsel" was "continued for trial to April 7." That was a setting "for trial for a date not later than thirty (30) days." All continuances from April 7 to and including the holding of the trial were made with defendant's consent. He, therefore, is in no position to complain. "Not having objected to a continuance, an accused person is presumed to have consented (*Ray* v. *Superior Court*, 208 Cal. 357, 358 [281 P. 391]), but where he himself has requested it, he will not be heard to complain. (*People* v. *George*, 91 Cal.App.2d 537, 540 [205 P.2d 461].)" (*People* v. *Fude*, 117 Cal.App.2d 186, 189 [255 P.2d 23].)

■ Defendant complains of the lapse of several months after the commission of the offense (June, 1953) until his arrest (February, 1954). This is of no legal significance because well within the three year period of the statute of limitations. (See Health and Saf. Code, § 11713, and Pen. Code, §§ 17 and 800.) Incidentally, the prosecution witness, a state narcotic investigator, testified that an immediate arrest was not made lest other potential offenders he was investigating be alerted.

Defendant challenges the sufficiency of the evidence to support the verdict but cites no specific lack in that regard. We have read the entire record and find that the evidence amply supports the verdict.

■ He refers to each sale as *nudum pactum*, asserting that for a "contract" to be valid the parties must exist and be identifiable, citing Civil Code, section 1558. He apparently refers to the evidence that upon the occasion of each sale the officer contacted the defendant through an unnamed informer, through whom the officer paid the money to defendant and to whom defendant delivered the heroin. The answer is that we are here dealing with an executed contract whereas section 1558 deals primarily with executory contracts. Also, there is no doubt as to the existence of the parties to this executed contract (defendant as seller and the informer as buyer) and that each of those parties is identifiable even though the name of one of them was not given in evidence herein. Moreover, each sale occurred in the presence of the officer, who furnished the informer with the purchase price money, circumstances

which would allow an inference that the officer was the buyer and that the informer acted as a go-between. (See *People* v. *Grijalva,* 48 Cal.App.2d 690, 691-693 [121 P.2d 32].) Whether the informer or the officer be deemed the buyer, a sale took place within the meaning of section 11500 of the Health and Safety Code.

Defendant further claims that the oral statements of the informer, narrated in the officer's testimony, constituted hearsay and that the admission thereof into evidence violated defendant's right to be confronted by the witness. Much, if not all of it, consisted of acts done and statements made by the informer in defendant's presence, hence not hearsay. In addition, no objection was interposed to this testimony. ■ So, if any of it was hearsay, it became competent evidence for lack of an objection.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.