[Crim. No. 2696.    Third Dist.    May 21, 1957.]

THE PEOPLE, Respondent, v. BUERAL GARCIA, Appellant.

Bueral Garcia, in pro. per., and John L. Briscoe, Public Defender (San Joaquin), for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Defendant above-named was charged by information with the crime of burglary. The information charged that on the 23rd day of February, 1956, the defendant entered a motor vehicle, to wit, a panel truck, with intent to commit theft. The truck was the property of one Henry L. Simmons, and the doors of said truck were locked.

The defendant entered a plea of not guilty and at the conclusion of the trial was found guilty by the jury. Probation was denied and judgment was pronounced sentencing defendant to imprisonment in the state prison for the term prescribed by law. No motion for a new trial appears to have been made but defendant's notice of appeal states that the appeal is from the judgment and from the order denying appellant's motion for a new trial.

The record shows that on the evening of February 23, 1956, at about 11 p.m., Mr. Henry Simmons parked his GMC delivery truck near a small restaurant located on East Market Street in Stockton, San Joaquin County, California. Mr. Simmons, who was in the business of renting and servicing cigarette vending machines and juke boxes, went into the restaurant after locking the truck. In the truck were cigarettes, phonograph records, tools, flashlight, personal checks and other items. Shortly after entering the restaurant, a stranger entered and stated that he had found a check lying on the ground outside the restaurant. Mr. Simmons noticed that the check was one belonging to him, and upon going outside to the truck observed that the left front wing had been opened. He noticed a number of items were missing from the truck, including cigarettes, phonograph records, a flashlight and other items. Mr. Simmons then returned to the restaurant for the purpose of calling the police, at which time he observed the appellant, Mr. Garcia, with the flashlight in his hand. Mr. Simmons asked the appellant where he got the flashlight and Mr. Garcia stated, "It is mine." Garcia then changed his story, stating that he had found it outside. Mr. Simmons and Mr. Garcia then went to a spot where Garcia claimed to have found the flashlight, and upon failing to find other items which were taken from the truck, Mr. Simmons suggested that the flashlight be turned over to the police for the purpose of taking fingerprints from it. Mr. Garcia thereupon rubbed the flashlight on his clothing.

Mr. Simmons again returned to the restaurant where he called the police. Mr. Garcia and an unidentified third person walked away together.

Later that same night Officer Nagel of the Stockton Police Department examined the truck, and after returning to the police station and ascertaining the address of Mr. Garcia, went in company with two other officers to 3608 East Weber Avenue, Stockton, where the appellant was found seated in an automo-

bile near this address. In the automobile with him were a Mr. Robertson and a Mr. Daniels.

Upon being questioned, the appellant stated that he lived in the front house at 3608 East Weber Avenue, but upon inquiring at this address the occupant thereof informed the police officers that Mr. Garcia did not live there. In fact, Garcia had never lived there at any time, but lived in a house to the rear. The officers and the appellant then went to the rear house and upon being admitted by a Mr. Bremby, located the cigarettes and phonograph records which were identified by Mr. Simmons as those which were taken from his truck.

Earlier that evening Mr. Clyde Bremby had been asked by the appellant to help carry the cigarettes and records into the house. The appellant asked Bremby, who also lived in the house, where he could get rid of the stuff. Mr. Bremby told Mr. Garcia that he thought he knew of a place where he could dispose of the articles and proceeded toward town. It was at this time that appellant alighted from the car and walked toward the restaurant where he was met by Mr. Simmons and events occurred as previously related.

Appellant does not contend that the evidence is insufficient to support the judgment but contends that his guilt was established by:

(1) Unsatisfactory testimony relating to the doors of the automobile.

(2) An unsatisfactory conclusion drawn from appellant's possession of the lantern or flashlight.

(3) The testimony of a convicted felon on parole in whose possession stolen articles were found.

(4) Appellant's past criminal record.

(5) Testimony relating to an "eye-witness," not produced as a witness during the trial.

Appellant then proceeds to argue that the evidence is unsatisfactory and unworthy of belief but his argument in this regard is merely one as to the weight of the evidence, and it was for the jury to pass upon the question of the weight of the evidence.

Appellant contends also that the court erred in admitting hearsay testimony in evidence. During the cross-examination of a prosecution witness, Police Officer Gregory, counsel for the appellant brought out the fact that Mr. Bremby, who lived with the appellant, was not involved in the burglary. The appellant's counsel then asked the witness if he got such information from talking to Mr. Bremby himself. The witness replied that he did not, but that "it came from an eyewitness

to the robbery, or the burglary.'' No objection was made to the answer and there was no motion to strike. Not only did counsel for the appellant fail to object to this hearsay testimony which was brought out during his own examination of the witness, but it further appears that counsel pursued the subject matter further and by his examination elicited further hearsay testimony upon this same subject.

The appellant now contends that this hearsay testimony denied him his right to a fair trial by reason of the fact that such incompetent testimony was admitted in evidence and that the appellant was denied the right to confront his accusers. By ''accusers'' he means the unidentified eyewitness referred to by Officer Gregory.

The appellant also complains of the fact that during his argument to the jury the deputy district attorney referred to this testimony and that his reference to such inadmissible and incompetent hearsay testimony was prejudicially erroneous.

The rule is well settled in California and in most other jurisdictions that hearsay evidence which is not objected to is competent and relevant.

In the case of *People* v. *Wade,* 138 Cal.App.2d 531 [292 P.2d 303], above cited, a police officer testified as to certain facts related to him by a third person who was a participant in the crime under consideration. The appellate court stated as follows, at page 533, with respect to the contention that the admission of such evidence was error:

''This part of the Traphagen testimony was strictly hearsay but it was introduced without objection and thus became competent support for the conviction (*People* v. *Murray,* 135 Cal.App.2d 600, 603 [287 P.2d 775] ; *People* v. *Ines,* 90 Cal. App.2d 495, 500 [203 P.2d 540] ; *People* v. *Freer,* 104 Cal.App. 39, 43 [285 P. 386]).''

Similarly, in *People* v. *Murray, supra,* the court stated, ''Hearsay evidence which is adduced without objection may properly be considered in support of a judgment of conviction. [Citing cases.]'' See also *People* v. *O'Brien,* 122 Cal.App. 147, 156 [9 P.2d 902] ; *People* v. *Bradford,* 130 Cal.App.2d 606 [279 P.2d 561].

Appellant also contends that prejudicial error resulted from the voluntary statement of a witness that he knew appellant had been previously arrested. During the direct examination of Officer Gregory, this witness was asked without objection to state the circumstances which took place and

which brought the witness to the address at which appellant lived. The witness then volunteered the statement, "Knowing that he had been previously arrested——" at which time he was interrupted by appellant's counsel who asked him if the prosecutor had asked him to testify to that before taking the stand. The witness answered that he had not and that he had volunteered it. Counsel then objected that this was prejudicial misconduct and made a motion for a mistrial which the court denied. A motion to strike was not made, nor was the jury instructed to disregard this testimony. The court told the prosecutor to ask the witness direct questions rather than asking for a narrative statement.

It is clear that the statement of the witness that he knew appellant had been arrested was volunteered and there is no showing that the prosecution improperly attempted to present to the jury evidence that the appellant had committed any other crime or crimes than that for which he was then on trial. The brief reference to the fact that the appellant had been previously arrested could not have been prejudicial in view of the instructions of the court to the jury that they were to base their decision solely upon the evidence adduced in this proceeding, and there was no inference in the statement of the witness concerning the nature of the prior arrest. Furthermore, the record shows that appellant testified later and gave a full account of his criminal record which included a number of felony convictions. It is therefore difficult to understand how appellant could have suffered prejudice from the mere statement of the officer: "Knowing that he had been previously arrested."

We conclude that the appellant received a fair trial, that the evidence in support of his conviction was very strong, and that no prejudicial error was committed.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1957.