Filed 12/8/25  P. v. Stogden CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORDAN MATTHEW STOGDEN,<br><br>    Defendant and Appellant. | H052378<br>(Santa Clara County<br> Super. Ct. No. C2104129) |

A jury convicted appellant Jordan Matthew Stogden of human trafficking, pimping, and pandering of two separate victims.[1]  The trial court sentenced Stogden to a total term of 12 years and eight months in state prison.  On appeal, Stogden contends the court erred by: 1) instructing the jury on the pandering charges that it did not matter whether the victims were already prostitutes; 2) imposing multiple punishments in violation of Penal Code section 654[2], and 3) miscalculating the award of presentence custody credits.  The Attorney General maintains that the court correctly instructed the jury on the pandering charge but concedes the court erred in the imposition of sentence and the award of credits.  For reasons we explain below, we discern no instructional error but direct the trial court to correct the sentence and modify the abstract of judgment.  As modified, the judgment is affirmed.

---

[1]The jury also convicted Stogden of violating restraining orders, which are not relevant to the issues on appeal.

[2] Statutory references are to the Penal Code unless otherwise specified.

# I. FACTS AND PROCEDURAL BACKGROUND[3]

## A. The Victims

Growing up in an abusive household, O.D.[4] began running away from home when she was 12 or 13 years old. In order to eat and have a roof over her head, O.D. started to earn money as a prostitute while she was still a minor. For the next several years, she would run away, engage in commercial sex work to survive, be returned to her parents' home and then begin the cycle again.

When O.D. was seventeen, she met Stogden through a mutual friend. At that time, she was supporting herself by working as a prostitute. O.D. moved in with Stogden and their mutual friend for about a week, but she left due to her growing belief that Stogden had a drug problem and a temper. Stogden, however, found O.D. on the streets, forced her into his car, and drove her back to his apartment. Stogden convinced O.D. to stay, and shortly thereafter, Stogden began serving as O.D.'s pimp.

For the next five years, Stogden was both O.D.'s pimp and cohabitant, and controlled her money. He became angry if she tried to keep any of the money she earned and even threatened to cut her hand off. Stogden set quotas for the money O.D. had to make each day and established the rates for the services she provided. O.D. earned between $500 and $10,000 per night, all of which Stogden collected and retained.

Stogden posted advertisements of O.D., maintained control of her identification card, and booked hotel rooms using the income she earned. At his suggestion, O.D. even got his name tattooed on her body.

Eventually, Stogden began to physically abuse O.D. This included slapping her face, kicking her in the stomach, choking her, spitting on her, pinching, and punching her.

---

[3] We set forth the facts in the light most favorable to the jury's verdict. (*People v. Luo* (2017) 16 Cal.App.5th 663, 668, fn. 2; *People v. Campbell* (2020) 51 Cal.App.5th 463, 469.) Stogden does not challenge the sufficiency of the evidence.

[4] We refer to the victims by their initials to protect their privacy interests. (Cal. Rules of Court, rule 8.90(b)(4).)

One incident resulted in O.D. requiring medical attention to get stitches to her face, which left a scar. Throughout this time, he also threatened her, including with a gun, when he thought she was involved with other people and forced her to follow his rules. Stogden also threatened her family. If O.D. did not make enough money, Stogden treated her poorly.

In June of 2019, Stogden introduced O.D. to the second victim, E.D., who was already working as a prostitute. E.D. started working with O.D. for Stogden. Like O.D., E.D. was not permitted to leave and Stogden controlled her movements and communication. E.D. was subjected to the same rules, threats, and physical abuse as O.D. and was also forced to turn any money she earned from commercial sex work to Stogden. Stogden purchased vehicles, watches, and shoes with the money O.D. and E.D. handed over to him.

In March of 2021, O.D. reported Stogden's abusive conduct to law enforcement.

## B. The Charges

On March 24, 2021, Stogden was arraigned on a felony complaint charging him with human trafficking and kidnapping. On June 21, 2023, the Santa Clara District Attorney's Office filed a second amended information charging Stogden with human trafficking of a minor as to victim O.D. (§ 236.1, subd. (c); count 1); human trafficking as to victims O.D. and E.D. (§ 236.1, subd. (b); counts 2 & 10); pimping as to victims O.D. and E.D. (§ 266h, subd. (a); counts 3 & 11); pandering as to victims O.D. and E.D. (§ 266i, subd. (a)(1); counts 4 & 12); dissuading a witness (§ 136.1, subd. (b)(2); count 5); inflicting corporal injury on a cohabitant (§ 273.5, subd. (a); count 9); and three misdemeanor violations of a protective order (§ 166, subd. (c)(1); counts 6-8).

## C. The Verdicts and Sentencing

On June 26, 2023, the jury convicted Stogden of human trafficking (counts 2 & 10), pimping (counts 3 & 11) and pandering (counts 4 & 12) of both victims, O.D. and

E.D., as well as three misdemeanor counts of violating a restraining order (counts 6, 7 & 8).[5]

On May 31, 2024, the trial court presided over the sentencing hearing. The prosecutor read O.D.'s five-page victim impact statement. The trial court heard statements from Stogden's mother, friends, and himself. Stogden also submitted proof of multiple programs and college courses he took while incarcerated to improve himself.

The court also heard argument from both counsel related to the prohibition against multiple punishments pursuant to section 654. Stogden's counsel argued, "And I just want to point out that the Court – because the human trafficking charges and pimping and pandering charges are for the same conduct, that they're 654. [¶] Therefore, the Court is not bound by the highest base term. The Court can choose the base term that the court feels is appropriate for this case. Meaning, that the pimping triage [sic] could be selected as the base term, because I think that's what this case was really about. Even though he was convicted of human trafficking, it was really a pimping and pandering case. And that carries the trifecta [sic] of 3, 4, 6. So I'd ask that the Court impose that as his base term. [¶] And also, I want to point out that in my first statement I didn't reflect on AB 518, which was a change in the law that would allow the Court to select the base term that the Court thought was appropriate."

When the prosecution argued that the charges were not barred by section 654, the court averred, "[w]e're not going to impose any additional punishment for consecutive anyway." Nonetheless, the prosecution only requested consecutive sentences be imposed on counts 2 and 10, but with the middle term of count 2 (14 years) as the base term and a

---

[5] The jury also found Stogden guilty of count 5 (dissuading a witness), but the charge was later dismissed by the trial court. The jury deadlocked on counts 1 (human trafficking of a minor) and 9 (inflicting corporal injury on a cohabitant), which were later dismissed on the motion of the prosecution.

consecutive term comprised of one third the middle term of count 10 (four years and eight months), for a total of 18 years, eight months.

The trial court imposed consecutive sentences on the human trafficking charges as to both victims, sentencing Stogden to the mitigated term of eight years on count 2, and a consecutive term of four years and eight months on count 10. In choosing the mitigated term of count 2, the court noted "the defendant has done substantial in-custody programming, and he has the support of several people in his life still. And he appears to be, I really believe, on a path to a better life." The court then imposed concurrent mitigated terms of three years on the pimping and pandering convictions (counts 3, 4, 11, & 12) for a total aggregate prison term of 12 years and eight months. The court awarded Stogden 2,508 days of custody credits as to all felony counts except count 10, awarding no credits on that count.

## II. DISCUSSION

### A. Jury Instructions

Stogden argues the trial court committed instructional error and violated his right to due process on the pandering counts by instructing the jury that it did not matter whether O.D. and E.D. were already prostitutes. Relying on the dissent in *People v. Zambia* (2011) 51 Cal.4th 965, 982-988 (*Zambia*), Stogden asserts that a person cannot cause, induce, persuade, or encourage another person to become a prostitute in violation of section 266i, subdivision (a)(2) if the other person already was a prostitute. Thus, he contends the court erred in its instructions to the jury.

A claim of instructional error is reviewed de novo. (*People v. Cole* (2004) 33 Cal.4th 1158 1206.)

"Subdivision (a) of section 266i has six subparts that ' "define the different circumstances under which the crime of pandering may be committed." ' [Citation.] The commission of any one of the acts described in subdivision (a) constitutes the offense of pandering. [Citation.]" (*People v. Campbell* (2020) 51 Cal.App.5th 463, 485.) In

5

*Zambia*, our high court was asked to define pandering by inducement under subdivision (a)(2), which states that any person who " '[b]y promises, threats, violence, or by any device or scheme, causes, induces, persuades, or encourages another person to become a prostitute' is guilty of pandering." (*Zambia*, *supra*, 51 Cal.4th at pp. 971-972.) The majority interpreted the statutory language to include inducement of a person who was already a prostitute. (*Id.* at p. 981.) Two justices disagreed. Emphasizing on the word "become" in the statute, the dissenting justices concluded that subdivision (a)(2) applies only to the inducement of a person who was not already a prostitute. (*Id.* at pp. 982–988 (dis. opns. of Kennard, J. & Werdegar, J.).)

Stogden invites us to express disagreement with the majority's binding precedent in *Zambia* and endorse the dissent. We decline to do so because *Zambia* is inapplicable to this case. Here, Stogden was not convicted of pandering by inducement under section 266i, subdivision (a)(2), the provision at issue in *Zambia*. Rather, Stogden was convicted of pandering by procurement in violation of section 266i, subdivision (a)(1): any person who "[*p*]*rocures* another person for the purpose of prostitution" is guilty of pandering. (*Ibid.*, italics added.) Stogden acknowledges this fact in his brief, yet his argument proceeds as though he were convicted under subdivision (a)(2) of the statute for pandering by inducement.

The record in this case—jury verdicts, minutes, the court's oral pronouncement of the judgment, and the abstract of judgment—all show that the jury convicted Stogden of pandering by procurement under section 266i, subdivision (a)(1). Stogden has neither challenged the accuracy of the records nor sought their correction. "The [court's] minutes import absolute verity unless and until amended. [Citations.]" (*Shellhaas v. Petrolane, Ltd.* (1950) 98 Cal.App.2d 171, 174.) "Where a litigant disagrees with their contents, it is incumbent upon him to move the trial judge for an amendment to have the minutes conform with the truth." (*People v. Fude* (1953) 117 Cal.App.2d 186, 189.) We discern no basis to doubt the accuracy of the record reflecting that Stogden was convicted

6

under subdivision (a)(1), not subdivision (a)(2) of the pandering statute. Since Stogden was not convicted under section 266i, subdivision (a)(2), he offers no basis upon which to appeal the conviction of that charge. (See § 1237 [appeal lies only from a final judgment of conviction].)

Notably, Stogden does not contend that the dissent's analysis in *Zambia* extends to convictions under section 266i, subdivision (a)(1). Such an argument would also be unavailing. As discussed above, the dissent in *Zambia* centered on the language "to become a prostitute" in subdivision (a)(2) of the statute. (*Zambia*, *supra*, 51 Cal.4th at pp. 982-988.) This language, however, does not appear in subdivision (a)(1), pandering by procurement for which Stogden was charged and convicted. The language under subdivision (a)(1) states only that a defendant is guilty of pandering if he/she "[p]rocures another person for the purpose of prostitution." (§ 266i, subd. (a)(1); see also *People v. Chatman* (2019) 30 Cal.App.5th 989, 995 ["*Zambia's* extensive analysis of what it means to become a prostitute is inapplicable to a subdivision (a)(1) prosecution"].) Accordingly, *Zambia* is inapplicable to Stogden's convictions.

Additionally, we discern no error in the trial court's instructions to the jury as to the pandering by procurement counts. A defendant is guilty of pandering if they "[p]rocure[] another person for the purpose of prostitution." (§ 266i, subd. (a)(1).) "[T]he term 'procure' has been construed to mean 'assisting, inducing, persuading or encouraging' a person to engage in prostitution. [Citations.]" (*People v. Campbell*, *supra*, 51 Cal.App.5th at p. 485, fn. omitted; *People v. Schultz* (1965) 238 Cal.App.2d 804, 812.) The term "another person" encompasses both persons already working as prostitutes and non-prostitutes, "as either can plainly be 'procured' for the purpose of prostitution." (*Zambia*, *supra*, 51 Cal.4th at p. 977; *id.*, at p. 987 (dis. opn. of Werdegar) [noting subdivision (a)(1) encompasses conduct "that ordinarily would involve persons already working as prostitutes]".) "It is immaterial to a charge of pandering ' "whether

7

the [person] 'procured' is an innocent [person] or a hardened prostitute of long experience." ' [Citation.]" (*People v. Caravella* (1970) 5 Cal.App.3d 931, 933.)

In this case, using CALCRIM No. 1151, the trial court instructed the jury on the elements of pandering: "1. The defendant successfully procured [O.D.] and [E.D.] to become a prostitute; [¶] and [¶] 2. The defendant intended to influence [O.D.] and [E.D.] to be a prostitute." The instruction also stated, "[i]t does not matter whether [O.D.] and [E.D.] were prostitutes already." Stogden challenges only the latter instruction regarding whether O.D. and E.D. were already prostitutes. As explained above, the language in section 266i, subdivision (a)(1), makes no distinction based on whether the persons targeted were already prostitutes. Thus, it was not improper for the jury instructions to include the latter instruction.

Established case law also makes clear that such considerations are immaterial to a charge of pandering. (*Zambia*, *supra*, 51 Cal.4th at p. 977; *People v. Caravella*, *supra*, 5 Cal.App.3d at p. 933.) In *People v. Chatman*, *supra*, 30 Cal.App.5th at page 993, the defendant was charged with a violation of section 266i, subdivision (a)(1), pandering by procurement. Like the case at hand, the court utilized CALCRIM No. 1151 and additionally instructed the jury that "it does not matter whether [the targeted person] was a prostitute already." (*Id.* at p. 994). The court of appeal affirmed, concluding that the court correctly gave the jurors the "time-tested standardized instruction" that the fact the targeted person was already a prostitute is immaterial. (*Id.* at p. 996.) Stogden cites no persuasive authority to the contrary.

We conclude the trial court properly instructed the jury that it did not matter whether O.D. and E.D. were already working as prostitutes.

## B. Sentencing Issues

Stogden contends the trial court erred under section 654 by imposing sentences on the pimping and pandering convictions (counts 3, 4, 11, & 12) concurrently to the consecutive sentences on the human trafficking convictions (counts 2 & 10), even though

8

all the counts had a single intent and objective. He requests that this court vacate the sentence and remand the matter for resentencing.

Section 654, subdivision (a) states in pertinent part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." Concurrent, unstayed sentences on convictions subject to section 654 are prohibited. (*People v. Duff* (2010) 50 Cal.4th 787, 796 [" 'It has long been established that the imposition of concurrent sentences is precluded by section 654 [citations] because [under such a sentence] the defendant is deemed to be *subjected* to the term of *both* sentences although they are served simultaneously.' [Citations.]"]; *People v. Deloza* (1998) 18 Cal.4th 585, 591–592.) "There is a multiple victim exception to [ ] section 654 which allows separate punishment for each crime of violence against a different victim, even though all crimes are part of an indivisible course of conduct with a single principal objective. [Citation.]" (*People v. Felix* (2009) 172 Cal.App.4th 1618, 1630–1631.)

Here, the Attorney General agrees that, as to each victim, Stogden may be punished for only one of the convictions for human trafficking, pimping, and pandering, specifically one of counts 2, 3, and 4 as to victim O.D., and one of counts 10, 11, and 12 as to victim E.D. We concur.

The human trafficking statute provides in pertinent part that "[a] person who deprives or violates the personal liberty of another with the intent to effect or maintain a violation of Section . . . 266h, 266i . . . is guilty of human trafficking." (§ 236.1, subd. (b).) When multiple charges constitute a single course of conduct with the same intent and objective, the court is required to stay punishment for one of the charges. (*People v. Dearborne* (2019) 34 Cal.App.5th 250, 265). In *Dearborne*, the defendant was charged and convicted of, amongst other crimes, human trafficking and pimping, with the intent to pimp as an essential element to the human trafficking charge. (*Id.* at p. 264.) Because the "human trafficking charge [in the case] literally has an element of

an intent to pimp," the court of appeal held that the two charges constituted a single course of conduct with the same intent and objective and, thus, "the [trial] court was required to stay the punishment for the pimping charge" pursuant to section 654. (*Id.* at pp. 264-265.)

As in *Dearborne*, Stogden was charged and convicted of human trafficking with the intent to pimp as an element to the human trafficking charge. The jury instructions for human trafficking in this case, like *Dearborne*, included the intent "to commit or maintain a felony violation of [section 266h], pimping," as a necessary element. Accordingly, the trial court was required to stay the punishment for the pimping charge. (*Dearborn*, *supra,* 34 Cal.App.5th at p. 265.)

Although the intent to pander was not included as an element to the human trafficking charges in this case, the Attorney General concedes that the evidence in the record supports the conclusion that the two offenses had the same intent and objective: to have each victim work as a prostitute for Stogden. The only reasonable inference from the evidence in this case is that Stogden engaged in a single course of conduct in the pimping, pandering and human trafficking of each victim for which he had but one intent: procuring the victims for the purposes of prostitution to derive support for himself. Therefore, section 654 applied. (*People v. Deloach* (1989) 207 Cal.App.3d 323, 337 [section 654 applies when one offense is committed as a means of committing another or facilitates commission of any other].) We thus accept the Attorney General's concession and agree it was error for the court to impose concurrent unstayed sentences on the pimping and pandering counts.

The issue here is whether the trial court's error necessitates vacating the sentence and remanding the matter for a full resentencing hearing. Stogden argues he is entitled to a remand because the trial court never properly exercised its discretion under section 654, i.e., which of the three crimes would be punished and which would be stayed.

10

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]' [Citation.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) However, the matter need not be remanded for resentencing if "the record ' "clearly indicate[s]" ' that the correction would make no difference — that is, that 'the trial court would have reached the same conclusion "even if it had been aware" ' of the scope of its discretion. [Citations.]" (*People v. Dain* (2025) 18Cal.5th 246, 261; see also *People v. Flores* (2020) 9 Cal.5th 371, 432 [remand is not required where record clearly demonstrates that remand would be an idle act].) "[W]e review the trial court's statements and sentencing decisions to infer what its intent would have been [had it been aware of its discretion]. [Citations.]" (*People v. Jones* (2019) 32 Cal.App.5th 267, 273.)

At the sentencing hearing, Stogden reminded the court of its section 654 discretion to select any of the three counts as to each victim upon which to impose the sentence and urged the court to choose the pimping triad as the base term. The prosecutor requested the court select the middle term of the human trafficking conviction (count 2) as the base term and a consecutive one-third of the middle term as to the other conviction for human trafficking (count 10).

The court elected to sentence Stogden to consecutive terms only on the human trafficking charges: choosing the low term of eight years on count 2 as the base term with a consecutive sentence on count 10 of four years and eight months (one-third of the middle term). The court also sentenced Stogden to three-year concurrent terms for each of the other four counts for pimping and pandering. The total term imposed was 12 years and eight months. While the choice to run the additional terms concurrently as opposed to imposing and staying the sentences for pimping and pandering was judicial error, the record clearly indicates the court would have imposed the same sentence. The court declined to adopt the pimping triad as the base term, and, instead, chose to impose consecutive sentences on the two counts of human trafficking. The court's statements

11

that it would not impose any additional, consecutive punishments for other charges also evinced a clear intent that the pimping and pandering counts would not extend the length of Stogden's aggregate sentence on the human trafficking counts.

Thus, although the record demonstrates the court misunderstood the discretion to stay the sentences on the pimping and pandering charges, the record also establishes that had the court properly exercised its discretion, the same base and subordinate terms would have been imposed, and the prison terms on the pimping and pandering charges would have been imposed and stayed, resulting in the identical length of the aggregate prison term. Given the court's full review of all the sentencing factors in choosing the terms imposed here, while there is an error, we agree with the Attorney General that a remand would be futile.

Accordingly, we modify the judgment to stay the sentences imposed on counts 3, 4, 11 and 12.

## C.    *Credits*

Stogden contends that the court erred in ordering zero credits on the subordinate prison term in count 10, and requests an amendment of the sentencing minutes and the abstract of judgment.  The Attorney General agrees.  As do we.

Pursuant to section 2900.5, subdivision (b), "[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." It is the duty of the sentencing court to calculate and award presentence credits. (*People v. Montalvo* (1982) 128 Cal.App.3d 57, 62-63.)  The misapplication of custody credits is a judicial error and thus "is subject to correction whenever brought to the attention of a court that has jurisdiction." (*People v. Boyd* (2024) 103 Cal.App.5th 56, 65.)  Generally, pursuant to section 1237.1, an appeal of presentence credit calculation is not permitted unless it was first presented in the trial court.  However, where there are other issues are being litigated on appeal, as is the case

at hand, we may resolve the custody credit issue. (*People v. Acosta* (1996) 48 Cal.App.4th 411, 427-428.)

Here, the trial court correctly calculated the credits as to counts 2, 3, 4, 5, 11 and 12, awarding 1170 actual days, plus 1170 conduct credits per section 4019, plus 168 additional programing credits per section 4019.4 for a total of 2508 days of credit. The trial court, however, did not award any credits as to count 10. This created an unauthorized sentence as the credits applied against the entire aggregate sentence, including count 10. The court is directed to modify the abstract of judgment to apply all credits to the single period of custody, the aggregate term of 12 years and eight months, as required by section 2900.5, subdivision (b).

## III.    DISPOSITION

The judgment is modified to stay, pursuant to Penal Code section 654, execution of the three-year sentence on counts 3 and 11 (pimping) and counts 4 and 12 (pandering). The aggregate prison term of 12 years, eight months is otherwise not modified. The judgment shall also reflect that Stogden's custody credits apply against the total aggregate prison term. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amendment to the Department of Corrections and Rehabilitation.

13

                                                    _____
                                                    RODRIGUEZ, J.*

WE CONCUR:

_____
GREENWOOD, P. J.

_____
DANNER, J.

*People v. Stogden*
H052378

_____

* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.