[Crim. No. 1313.  First Appellate District, Division One.—January 24, 1927.]

# THE PEOPLE, Respondent, *v.* JOSEPH McCONNELL, Appellant.

[1] CRIMINAL LAW — BURGLARY — PLEA OF INSANITY — JUDGMENT OF COMMITMENT TO HOSPITAL FOR INSANE — RESTORATION TO COMPETENCY—EVIDENCE.—In a prosecution for burglary where, in support of defendant's plea of insanity, there was admitted in evidence a judgment and order of commitment of defendant as an insane person to a state hospital, the trial court did not err in admitting in evidence a certificate of the medical superintendent of the hospital and other medical evidence that defendant was not insane, such judgment not being conclusive as to defendant's exemption from liability for the crime charged.

[2] INSANE PERSONS—INQUISITION AS TO INSANITY—LUNACY COMMISSIONS—ORDER OF COMMITMENT—JUDGMENT-ROLL.—The commission established in each county to ascertain the mental condition of a person alleged to be insane is not intended as a tribunal in which the status of such person is fixed, but is for the purpose of inquiring and determining whether the mental condition is such as to warrant detention in an asylum for treatment, and in proceedings for the commitment of such person the judgment-roll is not conclusive as to insanity.

[3] CRIMINAL LAW—CAPACITY TO COMMIT CRIME—PARTIAL INSANITY.— In criminal cases a partial insanity, or an insanity with respect to certain subjects, is not incompatible with the possession of mental capacity sufficient to make the defendant liable to punishment for his acts.

[4] ID. — RESPONSIBILITY FOR CRIMINAL ACTS — COMMITMENT TO HOSPITAL FOR INSANE PERSONS—EVIDENCE.—Because a person is committed to a hospital for the insane, it does not follow that the commitment is proof that such person was insane to the extent that the law would exempt him from responsibility for his criminal acts.

[5] ID.—INFORMATION CHARGING BURGLARY—CONVICTION OF ATTEMPT TO COMMIT BURGLARY—EVIDENCE—VERDICT.—The commission of burglary implies an attempt to commit it, and a defendant in-

2.  See 14 Cal. Jur. 346.
3.  See 7 Cal. Jur. 863; 14 R. C. L. 603.
5.  See 4 Cal. Jur. 727.

formed against for the crime of burglary may be convicted of an attempt to commit burglary in the second degree, where the evidence tends to sustain a verdict of burglary in the first degree.

(1) 16 C. J., p. 775, n. 73.  (2) 32 C. J., p. 682, n. 87, 89.  (3) 16 C. J., p. 102, n. 22.  (4) 16 C. J., p. 102, n. 22.  (5) 31 C. J., p. 859, n. 24.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell for Respondent.

TYLER, P. J.—Defendant and one James Kelly were jointly accused by information of the crime of burglary. The alleged offense was charged with having been committed by them on March 27, 1925. Upon arraignment they pleaded not guilty. On the day set for the trial defendant McConnell, upon the suggestion of his counsel, was ordered placed in the detention hospital for observation as to his sanity and the trial was continued to October 16, 1925. It appearing upon said day that McConnell was an inmate of Stockton State Hospital for the Insane, the court ordered a severance and continued the trial of McConnell to a future date. Subsequently, on motion, the case was set for and trial was had on December 18th. Briefly stated, the evidence shows that on the morning of March 4, 1925, a police officer observed defendant and another in the doorway of the premises at 330 Eddy Street, San Francisco. The officer saw defendant's companion lift him up so as to enable him to climb over the transom. After defendant had gained an entrance into the premises he and his companion were arrested and taken into custody. After trial, defendant was convicted of an attempt to commit burglary in the second degree. Motion for a new trial was made and denied and he was sentenced to the state prison. This is an appeal from the order and judgment.

[1] Upon the trial the defenses relied upon were a denial of any burglary or attempt to commit the same, and insanity. In support of his defense of insanity there was admitted in evidence a judgment and order of commitment of defendant as an insane person to Stockton State Hospital. There was also admitted in evidence under the objection of defendant a certificate of the medical superintendent of said hospital that defendant was not insane and was discharged on November 3, 1925. Certain medical evidence was also introduced to show that defendant was not insane. Appellant here claims that the trial court erred in the admission of this evidence as to defendant's sanity, as it tended to impeach the judgment of the superior court, which declared the defendant to be insane, such judgment being in full force and effect. There is no merit in this objection. [2] It has been held in this state that, in proceedings for the commitment of a person to a state hospital, there is no judgment-roll in the sense that it determines conclusively anything; that the commission established in each county to ascertain the mental condition of one alleged to be insane is purely a creature of the statute, the sole duty of which is to inquire and determine whether the mental condition of the person examined is such as to warrant his detention in the asylum for treatment. It is not intended as a tribunal in which the *status* of the alleged insane person is fixed (*People* v. *Willard,* 150 Cal. 543 [89 Pac. 124]).

In the very recent case of *People* v. *Gilberg,* 197 Cal. 306 [240 Pac. 1000], it is said that the court has no disposition to depart from this rule. Conceding the commitment to have been properly received as evidence of defendant's insanity, it was not, therefore, conclusive upon the subject. [3] In criminal cases a partial insanity, or an insanity with respect to certain subjects, is not incompatible with the possession of mental capacity sufficient to make the party liable to punishment for his acts. [4] It does not follow, therefore, because one was so committed in the manner indicated, that the commitment is proof that such person was insane to the extent that the law would exempt him from responsibility for his criminal acts. As was said in *People* v. *Willard, supra,* there are many kinds and degrees of insanity, and it is not every kind or degree which will relieve a person from criminal responsibility, and the degree of

mental impairment which would authorize his confinement in an asylum for the insane may be entirely different from the degree of mental derangement which will relieve him from responsibility for his criminal acts. One may be insane upon one or several subjects, and for that reason a proper person for confinement in a state asylum to be cared for and treated for his mental disorder, and yet at the same time such person may be perfectly sane upon all other subjects and entirely responsible under the law for a criminal act committed by him. This subject has recently received consideration in the case of *People* v. *Sloper,* 198 Cal. 238 [244 Pac. 362], where what is known as the "right" and "wrong" test is extensively discussed. The testimony of Dr. Catton was therefore properly admitted to show that, while defendant was addicted to the use of narcotics, he fully appreciated the difference between right and wrong and was not insane in a legal sense. [5] Appellant next complains that the court erroneously instructed the jury that it might find the defendant guilty of an attempt to commit burglary. It is claimed that since the information contained no charge of any element of an attempt to commit the offense, and the evidence was directed solely to a completed entry, the instruction was erroneous, and the conviction without warrant. A defendant informed against for the crime of burglary may be convicted of an attempt to commit burglary in the second degree, where the evidence tends to sustain a verdict of burglary in the first degree (*People* v. *Lowen,* 109 Cal. 381 [42 Pac. 32]).

The commission of burglary implies an attempt to commit it.

The judgment and order are affirmed.

Knight, J., and Campbell, J., *pro tem.,* concurred.