[Crim. No. 8283.   Second Dist., Div. Four.   Oct. 11, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. EARL L. LEWIS, Defendant and Appellant.

Gerald J. Levie, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—The Los Angeles County Grand Jury returned a secret indictment on November 29, 1961, in which defendant was charged with a violation of section 11500 of the Health and Safety Code, selling and furnishing a narcotic, heroin. The indictment was amended to show defendant's true name. Defendant pleaded not guilty. Trial was by the court, jury having been duly waived by defendant and all counsel. Defendant was found guilty as charged. Motion for new trial was denied. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. Defendant filed his notice of appeal in propria persona. Thereafter, he made a motion in this court to have counsel appointed to represent him on this appeal. This court granted the motion and counsel was appointed to represent defendant on appeal.

Jerry Chavous testified he was assigned to the narcotics division of the City of Los Angeles as an undercover agent. On August 4, 1961, he was in the company of an informant by the name of Ollie May; he saw defendant at the corner of 5th and Sanford Streets, Los Angeles. The informant left him and walked over to the corner to talk to defendant. After the conversation, informant returned to the narcotics officer and defendant left the corner and walked down the street. Later, the officer and informant entered the Morris Hotel. A few moments later defendant came into the hotel and walked to the rear of the lobby near some phone booths. The informant and the narcotics officer walked to the back of the lobby where defendant was standing. The narcotics officer was about ten paces away while informant and defendant engaged in conversation. The informant returned to the officer and instructed him to give defendant some money. The officer handed defendant $15. Defendant handed a package in a cellophane wrapper to the informant who handed it to the officer.

It was stipulated that this package contained five capsules of heroin.

Defendant was not arrested until December 11, but the officer testified he had observed defendant on several occasions between August 4 (date of the buy) and December 11 (date of the arrest). The officer was asked at the trial, "Now, by looking at this defendant, is there any question in your mind

at all that this is the same defendant—the same person you saw on August 4?'' He answered: ''No, sir, there ·is no doubt.'' Further, on redirect examination the officer testified he had seen defendant almost every day after August 4 during the four-month period while working in that area.

On cross-examination the officer stated he saw defendant at another local hotel subsequent to August 4 and had a conversation with him. The People made a request, which the court granted, to go into this conversation on redirect examination. This testimony was received without objection by defendant. He cannot now properly for the first time on appeal claim that there was error made in permitting the witness to answer these questions (*People* v. *Simeone,* 26 Cal. 2d 795, 806 [161 P.2d 369]).

The officer testified he met defendant in company of one Albertina Morris who is a known user of narcotics and who asked the officer if he was looking for some ''stuff'' (narcotics, heroin). The officer told her he was sick and needed a ''fix.'' He took the woman and defendant in his car. The officer overheard a conversation between the woman and defendant as to where they might go to find someone who might have some ''stuff.'' The woman directed the officer where to drive. Defendant asked the officer how much money he could contribute for some ''stuff'' and the officer said he wanted his ''stuff'' to be separate. The officer gave defendant $6.00. Defendant left the car and after a few moments had elapsed he returned and said he couldn't obtain the ''stuff.''

Defendant took the stand in his own defense and admitted he knew the officer. He thought he had seen him around August or September at the Morris Hotel. He further admitted he knew informant Ollie May, who participated in the transaction of August 4, but denied he had any transaction in narcotics on August 4; he denied he received any money from the officer on that date. He admitted that Ollie May, the informant, might have approached him concerning the narcotics, but he could not recall such an incident. He stated he did not know she was a user of narcotics.

Defendant contends the admission of evidence concerning another transaction was prejudicial. This contention is without merit. Defendant's counsel raised the question of the identity of defendant on cross-examination. ''It is established by a long line of authorities that evidence of other offenses may be admitted where they are so similar to and connected with the crime charged as to prove a common plan

or scheme, *or if the other offenses tend to establish the identity of the person charged with the commission of the crime being tried.*" (*People* v. *Grey,* 180 Cal.App.2d 683, 689 [4 Cal.Rptr. 561].) (Emphasis ours.)

The question of identity was a question of fact to be determined by the trial court. As stated in *People* v. *Powell,* 187 Cal.App.2d 709, 712 [10 Cal.Rptr. 116], "It was for the trial judge to pass upon the credibility of the witnesses and to resolve any conflicts in the testimony. [Citations.] . . . The judge was not required, under the circumstances, to believe the appellant. [Citations.]" Here, there was direct evidence to substantiate the trial court in its finding that defendant was the seller of the heroin.

Defendant further contends he was not afforded a speedy trial. With this contention we disagree. A secret indictment was returned November 29, 1961. The matter proceeded to trial January 15, 1962, well within the 60-day period. It is true that the sale took place August 4, 1961. In effect defendant complains in his brief that the alleged sale took place on August 4, 1961, and that he was not arrested until December 11, 1961. His argument is not sound. "The grand jury indicted appellant within the three-year period of limitations and the delay was without legal significance. (Pen. Code, § 800; *People* v. *Bradford,* 130 Cal.App.2d 606, 608 [279 P.2d 561].)" (*People* v. *McDaniel,* 169 Cal.App.2d 536, 539 [337 P.2d 537].) Other contentions of defendant do not merit discussion.

Judgment of conviction affirmed.

Burke, P. J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.