[Crim. No. 4588.   Third Dist.   Mar. 8, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE ALLEN CRAWFORD, Defendant and Appellant.

David A. Huffman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Philip R. Birney, Deputy Attorneys General, for Plaintiff and Respondent.

FRIEDMAN, J.—A jury found defendant guilty of second degree robbery. He appeals. Primary defense claim is absence of jury instructions dealing with intoxication and with the lesser included offense of grand theft. On appeal defendant argues that the trial court erred in not giving such instructions *sua sponte,* although they had not been requested by defendant's trial counsel.

Addington, the victim, testified that he made defendant's acquaintance in a tavern, invited him to stay overnight at his home and spent the next morning and much of the afternoon with him visiting taverns. They were joined by an unidentified female friend of defendant. The trio were in Addington's pickup truck with defendant at the wheel, when Addington noticed that defendant "was beginning to weave [the] truck a little bit . . . ." He asked defendant to stop and change seats. Both dismounted from the truck. As Addington came around the rear of the truck enroute to the other side, he was struck on the head by defendant and lost consciousness. When he revived he discovered his wallet was missing. So were its contents, including more than $300 in cash. His truck remained at the roadside, but defendant and the lady had left. According to Addington, the robbery occurred between 4 and 5 o'clock in the afternoon.

Defendant testified. He acknowledged spending the night and part of the morning with Addington. He told of consuming "three-four" drinks that morning. He denied presence of a female companion. He said that he had driven Addington to Lodi in the latter's pickup truck, Addington being drunk, and about 10 or 11 a.m. had left him in the truck, parked on a

skidrow street in Lodi. Defendant then met a friend and went to San Diego, where he secured employment.

Defendant relies upon Penal Code, section 22, which declares that whenever a crime requires the existence of a particular intent, "the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act." ■■■ Robbery requires proof of a specific intent to steal. ■■■ In a robbery trial evidence of the accused's intoxication requires a jury instruction based upon section 22 when requested by the defense.[1] Under some circumstances reversible error may occur through the trial court's failure to give the instruction even without a request.[2] Although his trial counsel did not request the instruction, defendant charges such error.

■■■ The demarcation between trials demanding an instruction *sua sponte* and those interposing a defense request as a precondition is drawn in *People* v. *Wade* (1959) 53 Cal. 2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116] : ". . . In determining what instructions a trial court is required to give without request, the rule is usually stated to be that the court has a duty to give instructions on the general principles of law governing the case, even though not requested by the parties, but it need not instruct on specific points developed at the trial unless requested.

"The rule seems undoubtedly designed to promote the ends of justice by providing some judicial safeguards for defendants from the possible vagaries of ineptness of counsel under the adversary system. Yet the trial court cannot be required to anticipate every possible theory that may fit the facts of the case before it and instruct the jury accordingly. The judge need not fill in every time a litigant or his counsel fails to discover an abstruse but possible theory of the facts.

"The most rational interpretation of the phrase 'general principles of law governing the case' would seem to be as those principles of law commonly or closely and openly connected with the facts of the case before the court."

■■■ The characteristics of this case throw it into the second category, in which the defense must proffer an instruction before assigning its absence as error on appeal. The fact that defendant had been drinking before committing a crime did

---

[1] *People* v. *Sanchez* (1950) 35 Cal.2d 522, 526-528 [219 P.2d 9].

[2] *People* v. *Baker* (1954) 42 Cal.2d 550, 571-573 [268 P.2d 705].

not establish intoxication or require an instruction on it.[3] Evidence of his intoxication was minimal, sketchy, speculative. Addington's description of the pair's diurnal tavern tour puts defendant's cumulative intake at seven drinks, consumed over a seven-hour period ending about 4 p.m. Addington's observation that defendant was "beginning to weave [the] truck a little bit" was consistent with a claim of intoxication *if one had been made*. The defense made no such claim. Alibi, not intoxication, was its trial theory. An instruction on intoxication as an element in defendant's state of mind when he attacked his companion at 4 in the afternoon would have been inconsistent with his assertion that he had left his companion at 10 in the morning. His trial counsel might have objected to such an instruction as strongly as his appeal counsel now urges it. Appellate insistence upon *sua sponte* instructions which are inconsistent with defense trial theory or not clearly demanded by the evidence would hamper defense attorneys and put trial judges under pressure to glean legal theories and winnow the evidence for remotely tenable and sophistical instructions.[4] The features of defendant's trial were such that intoxication as a factor of specific intent was not "closely and openly connected with the facts of the case before the court."[5] The trial court was not required to give the instructions *sua sponte*.

■ Defendant seeks the benefit of another unrequested instruction, one suggesting the lesser offense of grand theft from the person of a victim made unconscious by alcohol rather than a blow to the head. (See Pen. Code, § 487, subd. 2.) A charge of robbery by force or fear may include all the elements of grand theft. That evidence of a lesser offense fails to inspire belief, does not permit refusal of an instruction on it; but if the evidence is clear that the defendant is guilty of the greater offense or nothing, the instruction is both unnecessary and erroneous.[6] An instruction on grand theft from the

[3]*People* v. *Spencer* (1963) 60 Cal.2d 64, 87 [31 Cal.Rptr. 782, 383 P.2d 134]; *People* v. *Miller* (1962) 57 Cal.2d 821, 830-831 [22 Cal.Rptr. 465, 372 P.2d 297].

[4]See *People* v. *Bailey* (1904) 142 Cal. 434, 436 [76 P. 49]; *People* v. *Allison* (1966) 245 Cal.App.2d 568, 572-575 [54 Cal.Rptr. 148]; *People* v. *Bauer* (1966) 241 Cal.App.2d 632, 642-644 [50 Cal.Rptr. 687]; *People* v. *Roth* (1964) 228 Cal.App.2d 522, 529 [39 Cal.Rptr. 582].

[5]*People* v. *Wade*, *supra*, 53 Cal.2d at p. 334.

[6]Compare *People* v. *Modesto* (1963) 59 Cal.2d 722, 727, 730 [31 Cal. Rptr. 225, 382 P.2d 33]; *People* v. *Dewberry* (1959) 51 Cal.2d 548, 555 [334 P.2d 852]; *People* v. *McCoy* (1944) 25 Cal.2d 177, 187, 193-194 [153 P.2d 315]; *People* v. *Morrison* (1964) 228 Cal.App.2d 707, 712-713 [39 Cal.Rptr. 874].

person of an intoxicated Addington would have been contrary to all versions of the affair. Addington had told of a blow on the head; defendant had testified to absence and nonparticipation. The evidence called for a finding of guilt or innocence of robbery, without intermediate possibilities. Thus, whether requested or not, an instruction on the lesser included offense would have been error.

■ Defendant contends that evidentiary use of a colored photograph of the injured victim was prejudicial and inflammatory. Before the photograph was offered witnesses had described Addington's swollen and blackened eyes, cut ear lobe, facial contusions and abrasions and bloody shirt. The photograph was cumulative and could have aroused the jurors' indignation. Whether its potential for prejudice outweighed its probative value was a question for the discretion of the trial court. The character and extent of Addington's injuries were elements probative of the degree and kind of force used to accomplish the felonious taking. The prosecutor, faced with the necessity of convincing the jury of the quantum and character of force, was not required to stop at the point of bare sufficiency. There was no abuse of trial court discretion.[7]

■ Defendant had testified to departing for San Diego after leaving Addington in Lodi, having had a job offer in San Diego. Contending there was no evidence of flight, he assigns error in the standardized jury instruction on that subject. An accused's flight after commission of the offense tends to show consciousness of guilt; whether or not flight is shown is the question of fact.[8] The instruction did not imply that defendant had in fact fled, but left the jury free to decide whether flight had been proven and, if so, what weight to give it. The instruction was proper.

[7]See *People* v. *Allen* (1963) 220 Cal.App.2d 796, 800-801 [34 Cal.Rptr. 106]; *People* v. *Scarborough* (1959) 171 Cal.App.2d 186, 189-190 [340 P.2d 76].

[8]See *People* v. *Moore* (1963) 211 Cal.App.2d 585, 600 [27 Cal.Rptr. 526], and cases cited. The instruction followed Penal Code, section 1127c, which provides:

''In any criminal trial or proceeding where evidence of flight of a defendant is relied upon as tending to show guilt, the court shall instruct the jury substantially as follows:

''The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, the jury may consider in deciding his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine.

''No further instruction on the subject of flight need be given.''

■ On cross-examination defendant had volunteered the observation that he had chosen to forfeit bail on a breach of peace charge in Lodi when he left for San Diego. Over objection the trial court permitted additional cross-examination which elicited defendant's concession that the charge was still pending. The ruling is assigned as error. Defendant's motivation in leaving for San Diego was pertinent to the question of flight. His assertion that he had chosen to forfeit bail was consistent with an innocently motivated trip, and the prosecution could properly attack it. Being relevant, the testimony was admissible even though it involved incidental evidence of an unconnected offense. (See Evid. Code, § 1101 subd. (b); Witkin, Cal. Evidence (2d ed. 1966) §§ 341, 345.)

■ At one point in Addington's cross-examination by defendant's trial counsel, the witness and the cross-examiner became involved in a misunderstanding and the trial judge briefly took over the questioning. Although assigned as error, the action was entirely within the court's prerogative to engage in objective questioning for the purpose of clarification.

■ A final charge is inadequate representation by defendant's court-appointed trial counsel. As a result of *People v. Ibarra* (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487], California reviewing courts must frequently adjudicate attacks on the competence of court-appointed defense counsel in the trial courts. The suggestion has been voiced that members of the appellate bar should be extremely chary of criticizing their brethren of the trial bar. An attorney should represent his client to the hilt, even at the cost of professional fraternalism. In this court attacks on the quality of trial court representation arouse no frowns if they are seriously made and have a fair chance of meeting *Ibarra's* insistence on mistakes which reduced the trial to a "farce or a sham." (*People v. Ibarra, supra,* 60 Cal.2d at p. 464.) Defendant's trial counsel indulged in no such mistakes. Absence of an intoxication instruction was justified as a tactical choice, for the jurors might have viewed it as a court-sponsored invitation to disbelieve defendant's claim of alibi and his testimony of "three-four" drinks. Absence of a requested instruction on grand theft as a lesser included offense was justified by the instruction's impropriety. Asserted absence and tardiness of objections to evidence were justified by the fact that the cited objections were overruled or would have been unavailing.

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.