[Crim. No. 15029. Second Dist., Div. Five. Nov. 5, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDY ORTIZ CAMPA, JR., Defendant and Appellant.

**COUNSEL**

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—Defendant was charged by information with selling, furnishing and giving away heroin, in violation of Health and Safety Code section 11501. The public defender was appointed to represent him, and defendant pleaded not guilty. On January 16, 1968, jury trial was waived. After trial by the court, defendant was found guilty as

charged. On February 7, 1968, defendant made a motion for a new trial, which was argued and denied. It then appeared to the court that defendant was addicted to, or because of repeated use of narcotics was in imminent danger of becoming addicted to, narcotics. Accordingly, criminal proceedings were adjourned, and Welfare and Institutions Code section 3051 proceedings were ordered commenced. The order also included the directive that if defendant was not committed he was to be returned to the trial department by February 28, 1968. On February 7, defendant also filed his appeal from the order denying his motion for a new trial. The augmented record indicates defendant was committed to the California Rehabilitation Center, and has not been sentenced. At the time he filed his notice of appeal, a denial of a motion for new trial where the defendant has been committed to the Rehabilitation Center constituted an appealable order. (Pen. Code, § 1237, subd. 2.)[1]

There is no question as to the sufficiency of the evidence to support the conviction; hence, it is not set forth. The primary issue on this appeal is that the arrest was not made until November 15, 1967, though the criminal act allegedly took place on October 10, 1967. The argument is that since the defense was *alibi* and denial of the act, defendant's rights were violated due to this delay.

Defendant recognizes in his brief that "the Courts have consistently held that the defendant's rights are not violated even though his arrest is delayed until a month or more after the alleged transaction." Likewise, the Legislature has provided in Penal Code section 800 that: "An indictment for any other felony than murder, the embezzlement of public money, the acceptance of a bribe by a public official or a public employee, or the falsification of public records, must be found, and information filed, or case certified to the superior court, within three years after its commission. . . ." █ The case of *People* v. *Bradford,* 130 Cal.App.2d 606 [279 P.2d 561] is adequate authority for the proposition that in the prosecution of the type of crime here charged, a lapse of even several months after commission of the offense until the arrest of defendant is immaterial where it is well within the three-year period of the statute of limitations. To the same effect are *People* v. *Lewis,* 208 Cal.App.2d 422 [25 Cal.Rptr. 298] (a delay of some four months); *People* v. *McDaniel,* 169 Cal.App.2d 536 [337 P.2d 537] (a delay of some three weeks); see also *Munson* v. *Department of Alcoholic Beverage Control,* 248 Cal.App.2d 598 [56 Cal.Rptr.

---

[1] Penal Code, section 1237, subdivision 2 (as of the time of appeal):
"An appeal may be taken by the defendant:
"  .     .     .     .     .     .     .     .     .
"2. From an order denying a motion for a new trial, in cases where the defendant is committed before final judgment for sexual psychopathy, insanity, or narcotics addiction . . ."

805] and *Zimmerman* v. *Superior Court,* 248 Cal.App.2d 56 [56 Cal.Rptr. 226].

■ Defendant suggests that *Fontaine* v. *California,* 390 U.S. 593 [20 L.Ed.2d 154, 88 S.Ct. 1229] reh. den. 391 U.S. 929 [20 L.Ed.2d 670, 88 S.Ct. 1813] may sustain his position. In that case, the court did not concern itself with the specific question of delay from the time of commission of the offense to the time of arrest. The question commented upon by the court was whether there was prejudice as the result of the unavailaibility of the informer. Assuming that defendant here is seeking to raise the issue of the failure to produce the informer as the violation of his rights, his failure to make any request for the informer's production at the trial prevents his now raising the issue for the first time on appeal.

■ The case of *People* v. *Hernandez,* 15 Mich.App. 141 [166 N.W.2d 281] has been cited by defendant as supportive authority. The extreme facts of that case may well have justified the divided court in that instance.[2] We do not concur with the Michigan decision if it stands for the proposition that it is the burden of the people to show a lack of "undue prejudice attach[ing] to the defendant" where the arrest is not made at the time of the alleged commission of the crime. The very least that should be required of defendant is some showing of prejudice other than difficulty of producing alibi witnesses, or the argument of possible failing recollection of the police witnesses.

■ The defendant claims reversible error because the principal witness (the narcotics purchaser) testified she had been shown a *mug shot* of defendant before first meeting him at the place of the alleged transaction and again after the transaction. The second observation of the *mug shot* was to make sure that the person with whom the transaction had been made was, in fact, this defendant. The testimony came out by virtue of cross-examination by defense counsel, and no objection was raised. (*People* v. *Flores,* 68 Cal.2d 563 [68 Cal.Rptr. 161, 440 P.2d 233], disapproved on other grounds in *People* v. *De Santiago,* 71 Cal.2d 18 [76 Cal.Rptr. 809, 453 P.2d 353].)

The case of *People* v. *Cook,* 252 Cal.App.2d 25 [60 Cal.Rptr. 133] cited by defendant is not in point. Here, we are not concerned with the admissibility of the picture itself, which was not introduced. Apparently the argument is that any reference to a *mug shot* (and nothing more) is reversible error. The trial here was to a judge and not to a jury. We certainly cannot conceive of a trial judge inferring something not justified by the evidence and prejudicial to defendant by a reference to a *mug shot.*

The order denying the motion for new trial is affirmed.

Aiso, J., and Reppy, J., concurred.

---

[2]One judge concurred in the result, but *not* on the ground of undue delay in arrest.