[Crim. No. 691. Fifth Dist. May 21, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLIE HARRIS, JR., Defendant and Appellant.

924

**COUNSEL**

Thomas J. Kane, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Russell L. Moore, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Defendant was convicted of murder, second degree (Pen. Code, § 187) and he appeals from the jury verdict. He asserts that the trial judge committed reversible error in failing on its own motion to instruct the jury on the defense of diminished capacity by reason of intoxication, and that the prosecutor was guilty of prejudicial misconduct during cross-examination of defense witnesses.

The sufficiency of the evidence to support the finding of guilt is not challenged, and the facts may be briefly stated. Defendant shot and killed Hazel Jean Caddell, his estranged mistress, after having failed to effect a reconciliation. He testified that the victim took a gun from the glove compartment of his car and went behind a building; he tried to take the gun from her and it accidentally discharged twice. The victim's mother, Annabell Caddell, heard them argue and saw defendant run after her daughter while reaching into his right hip pocket. She followed, heard a shot before she rounded the building, saw defendant fire the second shot when he was about "three steps" behind the fleeing victim, and saw her daughter fall to the ground.

A police officer testified the gun was a .38 caliber Derringer which has to be manually cocked before each firing. The autopsy pathologist testified a bullet had passed through the victim's right hand and another bullet had entered the back of her head virtually at a right angle to the side, causing immediate loss of consciousness. There were no powder marks or burns on the skin or tissues and he opined the gun was fired at a distance of several feet from the victim. A criminologist testified that, there being no burned tissue about the bullet hole, the gun was fired from a distance of more than one foot, and that a .38 Derringer would not fire unless it was fully cocked and the trigger was pulled.

### INSTRUCTIONS

■ Defendant's argument that the trial court committed prejudicial error in failing to instruct the jury, *sua sponte,* on the partial defense of diminished capacity is without merit. ■ Malice aforethought at the time of the commission of an offense is an essential element of the crime of murder, second degree. (*People v. Wolff,* 61 Cal.2d 795, 819 [40 Cal. Rptr. 271, 394 P.2d 959].) However, evidence of diminished mental capacity, whether caused by intoxication, trauma, or disease, can be used to show that a defendant did not have the specific mental state (malice aforethought) which is essential to a conviction of second degree murder. (*People v. Conley,* 64 Cal.2d 310, 316 [49 Cal.Rptr. 815, 411 P.2d 911].) ■ Where sufficient evidence of intoxication is adduced to raise a factual issue as to

specific intent, a trial judge must, on his own motion, instruct the jury as to the effect of intoxication. (*People* v. *Robinson,* 5 Cal.App.3d 43 [84 Cal.Rptr. 796].) This is also true where a defendant raises such a defense. (*People* v. *St. Martin,* 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) On the other hand, there is no duty to instruct on that issue where the evidence of intoxication is "fragmentary" (*People* v. *Fain,* 70 Cal.2d 588, 596 [75 Cal.Rptr. 633, 451 P.2d 65]), "minimal" (*People* v. *Spencer,* 60 Cal.2d 64, 87 [31 Cal.Rptr. 782, 383 P.2d 134]; *People* v. *Robinson, supra,* 5 Cal.App.3d at p. 48), "minimal, sketchy, speculative" (*People* v. *Crawford,* 259 Cal.App.2d 874, 877-878 [66 Cal.Rptr. 527]), or "only distantly, if at all, suggested by the evidence" (*People* v. *Chapman,* 261 Cal.App.2d 149, 174 [67 Cal.Rptr. 601]). ■ The evidence of intoxication, here, was minimal indeed.

■ The rule that a defendant who urges that his mental capacity was impaired by voluntary intoxication at the time of commission of an offense, has the burden of going forward with evidence on that issue (*People* v. *Ray,* 252 Cal.App.2d 932 [61 Cal.Rptr. 1]) is particularly significant in this case, where defendant neither raised nor offered evidence of intoxication as a defense. ■ The only defense presented was that the shooting was the result of an accident that occurred during a struggle with the victim for possession of the gun; nothing was said about diminished capacity. Although defendant testified in his own behalf at the trial, he did not claim that he was intoxicated when he shot the victim, nor was such defense even suggested in any evidence produced by him. The claim is made for the first time on appeal, and is suggested by the testimony of the investigating officer, John Rodricks, that when he reached the scene shortly after the crime occurred, he noted that defendant "had been drinking but was sober." Defense counsel did not cross-examine the officer on the subject of intoxication. As the Supreme Court said in *People* v. *Miller,* 57 Cal.2d 821, 830-831 [22 Cal.Rptr. 465, 372 P.2d 297]: "The mere fact that a defendant may have been drinking prior to the commission of a crime does not establish intoxication or require the giving of a requested instruction thereon." (See *People* v. *Spencer,* 60 Cal.2d 64, 67 [31 Cal.Rptr. 782, 383 P.2d 134]; *People* v. *Robinson, supra.*)

### CROSS-EXAMINATION BY PROSECUTOR

Defendant argues that certain questions asked by the prosecutor during cross-examination of James Graham, a defense character witness, and of defendant, constitute misconduct requiring reversal.

Mr. Graham testified, on direct examination, that defendant's character was peaceful. On cross-examination he said that no one had told him the

defendant was peaceful, and that "I am just speaking what I know." He then said he had heard a rumor about "one little incident," and was asked a series of questions as to whether he had heard that defendant turned his gun over to "big man" because he was afraid of what he might do, that two or three days before the crime defendant got the gun from "big man," that "big man" did not want to let defendant have it but gave it to him because defendant said someone had stolen his chickens, and that defendant changed his story after he got the gun from "big man." Mr. Graham admitted that he knew "big man" but answered all other questions in the negative. On cross-examination, defendant was asked similar questions containing references to "big man." He testified that about three days after the victim left him, he took the gun to "big man," but denied that he said he was afraid he might use it. He said he got the gun from "big man" the night before the crime and that "big man" did not tell him not to take it.

On appeal, defendant argues that this cross-examination was improper because no witness identified as "big man" testified, and that the prosecutor did not identify a person nicknamed "big man" nor produce him as a witness. He asserts that he was denied his constitutional right to confront the witnesses against him and he was thereby denied due process and his right to a fair trial.

■ Defendant raised no objection to the cross-examination at the trial (*People* v. *Davidson,* 1 Cal.App.3d 292, 302 [81 Cal.Rptr. 529]) and did not request that the person referred to as "big man" be produced as a witness (*People* v. *Campa,* 1 Cal.App.3d 467, 470 [81 Cal.Rptr. 710]). He is therefore precluded from asserting either point for the first time on appeal. In *People* v. *Beivelman,* 70 Cal.2d 60, 75 [73 Cal.Rptr. 521, 447 P.2d 913], the Supreme Court quoted from *People* v. *Asta,* 251 Cal.App.2d 64, 86-87 [59 Cal.Rptr. 206], as follows: " 'It is well settled, requiring no citation of authority, that misconduct of a prosecutor in a criminal trial may consist of improper remarks in the opening statement, improper examination or cross-examination, or improper argument. However, the term "misconduct" implies a dishonest act or an attempt to persuade the court or jury, by use of deceptive or reprehensible methods (citations) . . . Moreover, with two exceptions, the burden is on the defendant who claims that the prosecutor was guilty of misconduct to object and to seek a curative admonition. Hence, if he is silent or merely objects or makes the assignment of misconduct but does not request an admonition, he cannot complain on appeal. (Witkin, Cal. Criminal Procedure (1963) § 748, p. 722).' "

■ The references by the prosecutor to an individual known as "big man" do not fall within either exception to the general rule requiring an objection and request for an admonition. Mr. Graham and defendant each

placed his credibility in issue when he took the stand. Graham stated he knew of an incident which was an exception to his knowledge of defendant as having a character for peacefulness. The prosecutor had the right, on cross-examination, to explore the incident. As to defendant, the principal disputed issue was whether the shooting was accidental or was the result of his intentional act. Thus, the prosecutor had the right to cross-examine defendant concerning his motive in taking his gun to a third person and obtaining it from that person the night before he shot the victim.

The prosecution was under no duty to produce the man referred to as "big man" as a witness. It is an oft-stated rule that "The prosecution is not required to call any particular witness, nor to put on all the evidence relating to a charge so long as all material evidence bearing thereon is fairly presented in such a manner as to accord to the defendant a fair trial." (*People* v. *Stanley,* 67 Cal.2d 812, 820 [63 Cal.Rptr. 825, 433 P.2d 913]; *People* v. *Kiihoa,* 53 Cal.2d 748, 752 [3 Cal.Rptr. 1, 349 P.2d 673]; *People* v. *Tuthill,* 31 Cal.2d 92, 98 [187 P.2d 16].) Moreover, it is apparent from his testimony that defendant knew who "big man" was; there was no surprise and no mysterious person. If "big man" would have helped his case, defendant could have called him.

The record, viewed in its entirety, discloses that defendant was accorded a fair trial.

The judgment is affirmed.

Gargano, J., and Coakley, J., concurred.