73 Cal.App.3d 539 (1977)
140 Cal. Rptr. 803
THE PEOPLE, Plaintiff and Respondent,
v.
LEROY MILLS, Defendant and Appellant.
Docket No. 29917.
Court of Appeals of California, Second District, Division Five.
September 21, 1977.
*540 COUNSEL
Thomas J.L. Virant, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman *541 H. Sokolow and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
ASHBY, J.
In a jury trial appellant was found guilty of first degree robbery and of inflicting great bodily injury on the victim of the robbery. (Pen. Code, § 211; former Pen. Code, §§ 211a, 213.)
At 2:30 p.m. on June 24, 1976, Dan Lenko was drinking at the Hard Rock bar with Mrs. Martin and Miss Jacobs. Appellant was also in the bar, and Mrs. Martin, who had seen him before, invited him over. Mr. Lenko bought two beers for appellant. Mr. Lenko had two $20 bills in his shirt pocket. When he paid for the drinks, he mentioned that he only had $40 left. He put one of the $20's in his coat, broke the other $20 to pay for the drinks, and put the change, $18, in his shirt pocket.
Appellant told Mr. Lenko, "I came over to talk to you and here you are talking to these women." Appellant suggested he and Mr. Lenko go elsewhere. Mr. Lenko said, "Not now," and appellant got up, saying, "I'll see you later." Appellant went to the end of the bar and began dancing with "[a] couple of colored guys."
About 10 minutes later Mr. Lenko got up to go to the restroom. He left his jacket and wallet with the ladies. He went past the area where appellant was dancing. When Mr. Lenko got inside the restroom, a large colored man grabbed him from behind and said, "Don't move, I've got a knife at your throat." Mr. Lenko could feel the knife. Appellant was with the other man. Mr. Lenko fought and was struck down. While Mr. Lenko was down on the floor, appellant kicked him in the legs and knees and the other man hit him with his fist around his face, head and shoulders. Appellant said, "Cut him. Cut him." The other man cut Mr. Lenko in the throat. Mr. Lenko could not fight any more and lay down over the commode. He had told the robbers that he did not have any money. The black man said, "We'll see if you are lying," and they went through his pockets and took the $18 from his shirt pocket.
Appellant and the other man left by the side door. After half a minute, Mr. Lenko also went out the side door and saw them walking down the street. He called to them but they kept walking. Mr. Lenko then went *542 into the bar holding his throat and hollering that he had been stabbed by appellant and another man. He was hospitalized from Thursday afternoon to Saturday morning and bore two scars on his neck at the time of trial. It was stipulated that his injuries constituted great bodily injury.
Appellant called Mr. Lenko as a defense witness and brought out that Mr. Lenko usually drinks six or seven beers a day and was once arrested for public drunkenness. It was stipulated that appellant's shirt had no blood on it.
Appellant contends (1) that he cannot be found to have inflicted great bodily injury on the victim because appellant did not personally wield the knife which cut Mr. Lenko's throat; (2) that the court erred in failing to instruct sua sponte on voluntary intoxication; and (3) that the court erred in failing to instruct sua sponte on unspecified lesser included offenses. None of these contentions has merit.

INFLICTION OF GREAT BODILY INJURY
Former Penal Code section 213 provided:
"Robbery is punishable by imprisonment in the state prison as follows:
"1. Robbery in the first degree for not less than five years.
"2. Robbery in the second degree, for not less than one year.
"The preceding provisions of this section notwithstanding, in any case in which defendant committed robbery, and in the course of commission of the robbery, with the intent to inflict such injury, inflicted great bodily injury on the victim of the robbery, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial or if admitted by the defendant, defendant shall suffer confinement in the state prison from 15 years to life." (See now Pen. Code, § 12022.7.)
The jury was instructed in accordance with People v. Collins, 44 Cal. App.3d 617, 620-623 [118 Cal. Rptr. 864], that: "`A defendant who, in the commission of a robbery, knowingly and with specific intent to inflict great bodily injury either aids and abets in, or advises and *543 encourages the infliction of great bodily injury by a co-perpetrator upon a victim, is equally responsible under the law with his co-perpetrator for the infliction of great bodily injury even though the defendant did not himself directly and actively inflict such injury. [¶] A person aids and abets in the infliction of great bodily injury if he knowingly and with specific intent required, aids, promotes, encourages or instigates by act or advice or, by act and advice, the infliction of such injury.'"
(1) Appellant contends that Collins no longer states the law correctly, in light of the subsequent decision in People v. Walker, 18 Cal.3d 232, 238-243 [133 Cal. Rptr. 520, 555 P.2d 306], and that appellant may not be found to have inflicted great bodily injury in the absence of evidence that he himself wielded the knife. This contention is without merit.
Walker involved a different statute, the increased penalty provided by Penal Code section 12022.5 for a defendant who uses a firearm in the commission or attempted commission of a felony. The court held that section 12022.5 is applicable only if the defendant personally uses a firearm. The court pointed out: "As the armed allegation of section 12022 has always been applicable only to those persons personally armed, and as the only discernible legislative intent in enacting section 12022.5 was to eliminate the Floyd [71 Cal.2d 879] limitation of section 12022 in certain instances when a firearm was used, we cannot now infer a further legislative intent to make section 12022.5 applicable to a different category of persons than that to which section 12022 is applicable, that is, to those persons who personally commit the proscribed misconduct." (People v. Walker, supra, 18 Cal.3d at p. 242; fn. omitted.)
The provisions relating to the infliction of great bodily injury, however, are substantially different and support the inference of legislative intent that the penalty for infliction of great bodily injury be applicable in the circumstances of this case. The court in Collins anticipated the holding of Walker as to section 12022.5 but nevertheless found a different legislative intent as to former section 213. In Collins the court stated: "Defendant poses an analogy, Penal Code section 12022.5, which imposes an augmented penalty when an offender `uses' a firearm. He cites People v. Lee, 275 Cal. App.2d 827, 833-834 [80 Cal. Rptr. 491], for the proposition that section 12022.5 does not apply to an unarmed defendant whose confederate was armed. The Lee case does appear to support the proposition, if only by inference. Nevertheless, it is only an *544 analogy. The scope of an augmented penalty statute is determined by construing the particular statute to effectuate the discerned legislative objective. (See People v. Floyd, [supra], 71 Cal.2d 879 [80 Cal. Rptr. 22, 457 P.2d 862]; In re Shull, 23 Cal.2d 745 [146 P.2d 417].)" (People v. Collins, supra, 44 Cal. App.3d 617, 621.)
The important difference between the two statutes is that former section 213 as interpreted by Collins requires that the defendant specifically intend the injury. (People v. Collins, supra, at p. 622.) The evidence in this case amply supports the conclusion that appellant specifically intended the injury inflicted by his accomplice, because appellant repeatedly stated, "Cut him. Cut him." Where the evidence is sufficient to establish the element of specific intent which the Legislature has written into the statute, the Legislature's intent is effectuated by holding the defendant liable to the increased penalty whether or not he personally wielded the instrument which inflicted the injury. (People v. Collins, supra, at pp. 622-623.)

INTOXICATION
(2) Appellant contends the court should have instructed the jury sua sponte on voluntary intoxication as it affects specific intent. There was no evidence to support such an instruction. The only evidence in the record concerning drinking by appellant was that Mr. Lenko purchased two beers for appellant (the "proverbial `couple of beers.'" See People v. Gonzales, 4 Cal. App.3d 593, 608 [84 Cal. Rptr. 863]). Appellant's assertion that "[i]t would only seem logical that appellant had consumed other intoxicants while being in the bar prior to [Mr. Lenko's] entering," is rank speculation wholly unsupported by the record. The fact that a defendant has been drinking, without evidence that he became intoxicated thereby, provides no basis for an instruction on intoxication. (People v. Spencer, 60 Cal.2d 64, 87 [31 Cal. Rptr. 782, 383 P.2d 134]; People v. Bandhauer, 66 Cal.2d 524, 528 [58 Cal. Rptr. 332, 426 P.2d 900]; People v. Harris, 7 Cal. App.3d 922, 926 [87 Cal. Rptr. 46]. See People v. Carr, 8 Cal.3d 287, 294-295 [104 Cal. Rptr. 705, 502 P.2d 513].) The fragmentary, minimal, speculative evidence of intoxication in this case was not sufficient to put the trial court on notice that intoxication was a relevant principle of law openly and closely associated with the case. (People v. Harris, supra; People v. Cram, 12 Cal. App.3d 37, 43-44 [90 Cal. Rptr. 393]; People v. Crawford, 259 Cal. App.2d 874, 877-878 [66 Cal. Rptr. 527].) There was no error in failing to instruct on intoxication.

*545 LESSER INCLUDED OFFENSES
(3) Appellant asserts that there are "numerous" lesser included offenses of robbery and that the trial court erred in failing to instruct on them sua sponte. Instruction on lesser included offenses is required only where the evidence would justify the jury in concluding that the defendant did not commit the charged crime but committed some lesser offense. (People v. Sedeno, 10 Cal.3d 703, 715 [112 Cal. Rptr. 1, 518 P.2d 913]; People v. Pijal, 33 Cal. App.3d 682, 691 [109 Cal. Rptr. 230]; People v. Tiffith, 12 Cal. App.3d 1129, 1133-1134 [91 Cal. Rptr. 176]; People v. Carter, 275 Cal. App.2d 815, 822-823 [80 Cal. Rptr. 202].)
Appellant does not specify in his brief what lesser included offenses were committed or how the evidence would have justified a finding thereon. Appellant did not present a defense which suggested a lesser included offense. (Cf. People v. Miller, 43 Cal. App.3d 77, 81 [117 Cal. Rptr. 491] (defendant testified that he took the victim's money by trick rather than by force or fear.) The evidence in this case points only to a robbery, not a mere theft or assault. The court did not err in failing to instruct on unspecified lesser offenses.
The judgment is affirmed.
Kaus, P.J., and Hastings, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied November 17, 1977.