[No. B038894. Second Dist., Div. Five. Oct. 26, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL DAVID AGUILAR, Defendant and Appellant.

**COUNSEL**

Harvey R. Zall, State Public Defender, under appointment by the Court of Appeal, and Albert C. Cardenas, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Assistant Attorney General, John R. Gorey and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—Michael David Aguilar appeals from the judgment entered following his conviction by a jury of residential burglary (Pen. Code, § 459) and the findings after a court trial of two prior serious felony convictions. (Pen. Code, § 667, subd. (a).) He contends: "The court's denial of appellant's request for an instruction on attempted burglary was prejudicial error."

Viewing the evidence in accordance with the usual rules on appeal (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]), it was established that at about 11 a.m. on May 2, 1988, Timothy Tokumoto heard a knock on the door while in the bathroom of his residence. He then heard someone forcing the gate to his backyard open. He emerged from the bathroom and went to the kitchen, where he observed a tattooed arm reaching through the "doggie door" in his back door. The arm was inserted up to the elbow joint and was attempting to unlock the door from the inside. Tokumoto kicked the arm, surprising the intruder, who gasped, pulled his hand back and ran back through the back gate.

Tokumoto grabbed a golf club and went outside where he saw appellant emerge from the back door, run across the street, and hide behind a small shopping center. About one minute later, Tokumoto saw appellant run towards a car with Illinois license plates and drive off. Appellant later

admitted to Los Angeles Police Detective Anthony Manente that he was the intruder and made a written statement which corroborated Tokumoto's version of the incident.[1]

■ Appellant's contention that the trial court erred in refusing to give the jury an instruction on attempted burglary is meritless. The undisputed facts clearly established that appellant's hand and arm were inside the house. This was an entry within the meaning of Penal Code section 459. (*People* v. *Massey* (1961) 196 Cal.App.2d 230, 236 [16 Cal.Rptr. 402]; *People* v. *Failla* (1966) 64 Cal.2d 560, 569 [51 Cal.Rptr. 103, 414 P.2d 39].) The entry was proven and appellant was not entitled to an instruction on attempted burglary since such a theory was contrary to the evidence. (See *People* v. *Wickersham* (1982) 32 Cal.3d 307, 323-325 [185 Cal.Rptr. 436, 650 P.2d 311]; *People* v. *Crawford* (1968) 259 Cal.App.2d 874, 879 [66 Cal.Rptr. 527].)

Appellant misplaces reliance on *People* v. *McConnell* (1927) 80 Cal.App. 789, 792 [252 P. 1068] and *People* v. *Lowen* (1895) 109 Cal. 381, 384 [42 P. 32]. In *McConnell*, the defendant was charged with burglary and convicted of attempted burglary. The *defendant* complained on appeal that the trial court should *not* have instructed on attempt because the evidence showed only a completed entry. The *McConnell* court nevertheless affirmed the conviction, citing *Lowen*. In *Lowen*, the defendant was likewise charged with burglary and convicted of attempted burglary and he complained on appeal that the evidence did not support an attempt. The Supreme Court denounced the jurors for disregarding their oaths by showing unwarranted leniency (109 Cal. at p. 383), but nevertheless upheld the conviction because attempt is a lesser included offense and the defendant could not complain of a verdict which was more favorable to him than the evidence warranted. (109 Cal. at pp. 383-384.)

These cases do not support appellant's present contention that the court should have instructed on attempt. ■ The fact that a jury can exercise a naked power to convict the defendant of an included offense not supported by the evidence does not entitle the defendant to an instruction thereon. (See *People* v. *Partner* (1986) 180 Cal.App.3d 178, 185-186 [225 Cal.Rptr. 502].) The court is not required to instruct on an included offense if there is no evidence that the crime committed was less than that charged. (*People* v. *Wickersham, supra,* 32 Cal.3d at pp. 323-324.)

---

[1] Appellant's statement was as follows: "Around a month and-a-half ago I tried to burglarize a house on Centinela. It was during the day. I tried to reach into a doggie door to unlock a kitchen door. Some Japanese guy who was inside hit my arm so I ran. I got into my car which was parked across the street near a school. I can't say who was driving, but it wasn't my old lady. She works every day and I have the car while she's working."

In *People* v. *Failla, supra,* 64 Cal.2d at page 569, the defendant was convicted of burglary, and he argued on appeal that the trial court should have instructed on attempt. The Supreme Court rejected this contention, holding that since the defendant's foot was on the victim's windowsill, a burglary was completed.

The judgment is affirmed.

Lucas, P. J., and Boren, J., concurred.